MILLER, County Judge, et al. v. BROWN. (No. 1023.)

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1919. On Motion for Rehearing, Dec. 11, 1919.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬤=48(1)— OFFICE OF COUNTY SUPERINTENDENT DEPENDENT UPON ANNUAL CENSUS.

The office of county superintendent of public instruction depends for its existence, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2750, on the condition of the scholastic census at each general election, no election to such office being valid in a county having a scholastic population of less than 3,000, as shown by the preceding census, except in counties where the office has been created by an election held for that purpose.

2. COUNTIES ⬤=47—JURISDICTION OF COMMISSIONERS' COURT.

A commissioners' court is not a court of general, but of limited, jurisdiction, having no authority except as expressly or impliedly conferred by law.

On Motion for Rehearing.

3. SCHOOLS AND SCHOOL DISTRICTS ⬤=48(5)— DE FACTO SUPERINTENDENT NOT ENTITLED TO COMPENSATION.

Since it was not the purpose of Vernon's Sayles' Ann. Civ. St. 1914, art. 2750, to create the office of county superintendent of public instruction, nor authorize the election to the same, in counties having a scholastic population of less than 3,000, as shown by the preceding census, except in counties where such office has been created by an election held for that purpose, one elected to such office in a county having a scholastic population of less than 3,000, where such office was not created by an election held for that purpose, even if termed a de facto officer, is not entitled to the emoluments of the office for the term for which elected.

Appeal from District Court, Presidio County; Joseph Jones, Judge.

Suit by Allie R. Brown against K. C. Miller, County Judge, and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Walter Gillis, of Del Rio, for appellants. J. Q. Henry, of Del Rio, for appellee.

WALTHALL, J. This suit was brought in the district court of Presidio county, by Allie R. Brown, appellee, against appellants, K. C. Miller, county judge of Presidio county, R. Barnett, G. A. Chavez, W. T. Davis, and T. C. Mitchell, county school trustees of said county, praying for a temporary writ of injunction restraining appellants, individually and in their official capacities, from in any manner attempting to displace appellee as county superintendent of public instruction of Presidio county, and to substitute, appoint, and recognize in his said place appellant K. C. Miller, and to restrain appellant Miller from in any way exercising the functions and duties of county superintendent of public schools of said county, and to restrain appellants or any of them from in any manner interfering with appellee in the discharge of her official duties as the duly elected, qualified, and acting county superintendent of public instruction of said county, and from further attempting to deprive appellee of receiving the salary and enjoyment of said office.

On an ex parte hearing of the application for the temporary injunction, the district judge, in chambers, on the 22d day of March, 1919, granted the writ as prayed for, the same to continue in force until the next succeeding term of said court, unless sooner dissolved on motion of appellants. On June 27, 1919, appellants filed their original answer and cross-action directly attacking appellee's right to hold the office, basing said attack upon the facts as agreed upon and found by the court as hereinafter stated. On the last-named date, by an instrument in writing signed by all of the parties to said cause and filed, it was agreed that said cause should be finally tried in vacation and without a jury, and final judgment rendered therein by Hon. Joseph Jones, judge of said court, as provided in article 1714, Vernon's Civil Statutes. On July 8, 1919, the cause was tried in said court in accordance with said agreement, resulting in a judgment in favor of appellee against all of the appellants, holding that the election of appellee to said office of county superintendent of public instruction at the general election held November 5, 1918, was authorized by law, and that she was entitled to hold said office for the period of two years thereafter and until the election and qualification of her successor,

and enjoining appellant County Judge Miller from acting as ex officio county superintendent of public instruction in said county during said time, and all of the appellants from in any manner interfering with appellee in the performance of the duties of said office. The facts so agreed upon and found, but by this court abbreviated, substantially are as follows:

First. The scholastic census for Presidio county for 1917, duly taken, shows a scholastic population for that year of 3,110.

Second. On August 15, 1917, the commissioners' court duly appointed appellee as county superintendent of public instruction for Presidio county. Appellee duly qualified and entered upon the discharge of the duties of said office, and continued therein until the next general election, held on November 5, 1918.

Third. At the general election held in Presidio county in 1918 the commissioners' court of Presidio county provided for the election of a county superintendent of public instruction in said county, and appellee was a candidate for the office, and in the election received a majority of all the votes cast for the office. A certificate of election was duly issued and delivered to her, and on December 2, 1918, she duly qualified and entered upon the discharge of the duties of the office, and has continued to remain in possession of said office and discharge the duties of said office, except as prevented by appellants and the commissioners' court.

Fourth. On March 31st the Governor duly issued to appellee her commission for said office.

Fifth. Appellee is competent and qualified and possesses all of the qualifications necessary and required to hold the office.

Sixth. Appellant Miller is the duly elected, qualified, and acting county judge of Presidio county, and also qualified as ex officio county superintendent of public instruction for said county, and the other appellants are the duly elected, qualified, and acting county school trustees of said county.

Seventh. On December 10, 1918, the commissioners' court of Presidio county passed and entered on the minutes an order to the effect that their attention had been called to the fact that the scholastic census was less than 3,000, and was at the time the office was created (we take it as meaning and referring to the scholastic census for 1918 and the general election of that year). It was ordered that the office of county school superintendent be abolished, and that the duties of the office be thereafter performed by the county judge as ex officio officer; further ordered that the county treasurer honor no more vouchers as salary for county superintendent of public schools.

Eighth. On January 13, 1919, the commissioners' court passed an order providing for the compensation to be paid the county judge for services rendered as ex officio county superintendent of public instruction.

Ninth. The scholastic census for the county for 1918 was duly taken. The rolls and summaries duly compiled show the scholastic population of Presidio county for the scholastic year 1918 to be 2,712.

Tenth. The scholastic census for 1919 had been taken at the time of the trial of the case, and showed a scholastic population of 2,959, and that 52 children within the scholastic age and entitled to enumeration and enrollment were omitted from the census, rolls, and summaries through failure of the census trustees appointed by appellee to take a full census of the scholastic population.

Eleventh. The uncertain condition of the question as to who was entitled to discharge the duties of the office of superintendent somewhat delayed the taking of the scholastic census for 1919.

Twelfth. No election has ever been ordered or held in Presidio county to determine whether or not the office of county superintendent of public instruction should be created in said county.

Thirteenth. From the passage of the order of the commissioners' court as outlined in pararaph 7, above, appellant Miller, by virtue of his office, has claimed the right and assumed to act as ex officio county superintendent of public instruction and receive the compensation provided by the commissioners' court, and since March 13, 1919, appellee, trustees, have refused to recognize appellee as their secretary and executive officer, but have recognized, and officially acted with, appellant Miller; that appellants have assumed to apportion among the school districts all of the available state and county school funds for said county (except an amount sufficient to pay the salary of appellee in the event she is finally held entitled to hold said office); that appellants, acting together since March, 1919, have prevented appellee from performing the duties of the office, and it is the intention of appellants to so continue unless enjoined. Appellants assign error to the court's conclusions of law continuing appellee in the office.

We agree with appellants' contention as outlined in the argument of counsel found in the brief, which we here state in substance as expressing the views we entertain on the issues presented by the record.

The correct decision of the case, we think, depends entirely upon the proper construction to be placed upon article 2750, Vernon's Sayles' Civil Statutes, when considered in connection with article 2763 and additional article 2774 of the supplement thereto (Vernon's Ann. Civ. St. Supp. 1918), and articles 2775 and 2776; and we add to the reference given article 2758, as amended by chapter 12, tit. 48, 4th Called Session 35th Legislature (1918) p. 70..

[1, 2] An examination of article 2750 will

show that it creates the office of county superintendent of public instruction, and provides for appointment and election to the office in such counties only as have a scholastic population of 3,000 or more, as snown by the preceding census. Under the provisions of the article, when a county attains a scholastic population of 3,000 or more, but not until then, the commissioners' court is authorized to appoint a county superintendent of public instruction. In like manner said article 2750 also authorizes an election to said office at each general election in every county, but only in such counties as have a scholastic population of 3,000 or more, as shown by the preceding census. Neither article 2750 nor any other provision of the statute tends in any way to indicate an intention of the Legislature to authorize a commissioners' court to appoint, or the people to elect, a county superintendent of public instruction in counties having a scholastic population of less than 3,000, unless an election had first been ordered held and carried in such county in favor of the creation of such office, in the manner provided in the last half of said article 2750, and no such election had ever been held in Presidio county. We concur in the suggestion of counsel for appellants that the fact that the Legislature, in the same act by which it created the office and provided for the appointment and election of county superintendents of public instruction in counties having scholastic populations of 3,000, also expressly authorized and provided for the manner of calling and holding elections in counties having a less scholastic population for the purpose of determining whether or not such office should be created in these counties, shows conclusively that it was not the purpose or intention of the legislative act to create the office, nor authorize an election to the same in counties having a scholastic population of less than 3,000 as shown by the preceding census, except in counties where said office had been created by an election held for that purpose. By the articles referred to, other than 2750, it clearly appears that the scholastic census of Presidio county taken in May and June, 1918, for the scholastic year beginning with September of that year was the next preceding scholastic census taken prior to the general election held on November 5, 1918, and the one controlling the action of the commissioners' court in providing for the election to the office for that year. The scholastic census in general election years is the inquisition made under express legislative warrant and authority, and by the statute is made the only basis for the official action of the commissioners' court. A commissioners' court is not a court of general, but of limited, jurisdiction, having no authority except as expressly or impliedly conferred by law. Von Rosenberg v. Lovett, 173 S. W. 508.

We conclude that the court was in error in the judgment rendered. The judgment is therefore reversed, and judgment here rendered in favor of appellants as prayed for in their original answer and cross-action.

### On Motion for Rehearing.

[3] On appellee's insistence that the office of county superintendent of public instruction provided for by article 2750, Vernon's Sayles' Civil Statutes, has a potential existence in each county in the state, and that appellee, as in the case under review, who was regularly elected to the office, and possessing all of the qualifications required, is a de facto officer and entitled to the emoluments of the office for the term to which she was elected, we will briefly outline our view of that feature of appellee's contention.

If we are not in error in our construction of the above article that the office of county superintendent of public instruction depends for its existence upon the condition of the scholastic census at each general election, there would be no separate and independent office as is contemplated by the article when the scholastic population of the county as shown by the preceding census in a general election year falls below 3,000. In that event the office created or brought into existence by reason of the showing of the scholastic census likewise, by reason of the showing of the scholastic census, has no further existence, potential or otherwise, and that, by article 2763, "in each county * * * having no school superintendent, the county judge shall be ex officio county superintendent of public instruction."

There seems to be an irreconcilable conflict of authority on the proposition as to whether or not it is possible to have a de facto officer in the absence of a de jure office. The two views on that question are stated in 22 R. C. L. 591, and many cases cited. We think we need not enter upon a discussion of that question; suffice it to say that, in our judgment, the instant case does not present a question of an act of an officer whether de facto or de jure. Here the office of county superintendent of public instruction as an office, in our judgment, terminated, and when such condition occurs the law, by statutory provision, enjoins the discharge of the duties of that office upon the county judge. The procedure here is a direct attack, not upon any act of appellee as an officer, but goes more to the question of the existence of the office rather than to any act of hers or her right to occupy it. Our view, as expressed in the opinion, is that, Presidio county not having created the office of county superintendent of public instruction by a vote of the people, the existence of that office, on the facts shown, terminated.

The motion is overruled.