### SEWARD v. FALLS COUNTY et al.
### (No. 6457.)

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1922. Rehearing Denied Dec. 13, 1922.)

1. Highways ⬿95(1)—Road board under special statute not authorized to employ engineer to make survey and estimate of cost.

Under Sp. Laws 1913, c. 118, providing for issuance of road improvement bonds in Falls county or any political subdivision thereof, and for election of board of road commissioners in the county or subdivision voting the bonds, the provision requiring the board to employ an engineer on salary who is required to give bond and take oath of office is mandatory, and the board had no authority to employ engineer to make preliminary survey and estimate of costs only without filing bond or taking oath.

2. Constitutional law ⬿70(3)—Wisdom of legislation not concern of courts.

With the wisdom of the policy contained in a statute, the courts have no concern.

3. Highways ⬿96(1)—Road board not liable on quantum meruit or by estoppel when the contract unauthorized.

As road board of precinct of Falls county created by Sp. Laws 1913, c. 118, had no au-

thority to employ engineer to make survey and estimate of cost, neither the board nor the fund under its control could be bound for engineer's services upon quantum meruit or upon principles of estoppel, though it received the benefit of his services.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by H. R. Seward against Falls County and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Cecil R. Glass and Spivey, Bartlett & Carter, all of Marlin, for appellant.

BRADY, J. Appellant, H. R. Seward, brought this suit against Falls county and the permanent road board of precinct No. 5, to recover the sum of $400 and an attorney's fee of $20. The suit was filed in the district court for the reason that the jurisdiction of the county court of Falls county, in civil cases, had been by law divested and conferred upon the district court.

The plaintiff sued upon an express contract and also upon quantum meruit, the basis of the claim being that the defendants had employed plaintiff to render service to them in making a preliminary survey of certain roads in precinct No. 5, and in submitting estimates of costs for constructing the same. The suit was tried as an agreed case, and the court rendered judgment for the defendants. At the request of appellant, the trial judge filed findings of fact and conclusions of law.

It is perhaps a sufficient statement of the material facts to say that the road board was duly organized as provided by statute; that bonds for improving the roads in that subdivision had been voted; and that the claim of plaintiff was duly presented and refused. Further, that, after the creation of the board, and before the bonds had been sold, the board employed appellant to make a preliminary survey of certain roads of the district, for the purpose of determining how many roads and how many miles or what portion of each road could be made or constructed with the bonds that had been voted, and with a view of using this data when the bonds were sold and the money realized therefrom should be available. He did the work, and it was accepted by the board as being satisfactory. The compensation agreed upon was the specific sum of $400 to be paid upon the completion of the work. The employment was not by the year, nor was the sum of $400 fixed as an annual salary or compensation to plaintiff for any service to the board. Plaintiff was not required by the board to take, nor did he take, the oath of office prescribed by law for the highway engineer, and he did not file any bond, nor was he required to do so.

In the trial court's findings, it cited section 9 of the special law governing said board

(chapter 118, Special Laws of 1913) especially the provision that the proceeds of the sale of the bonds to be issued thereunder shall be deposited in, the county treasury to the credit of the fund known as the "permanent road fund of" precinct No. 5, and the further provision that "said fund shall only be expended as herein provided and only in the county, if the bond issue is for the whole county, and only in the political subdivision voting the same, if issued on account of any political subdivision." The court found that the provision, "said fund shall only be expended as herein provided," has reference to provisions in subsequent sections of the law, there being no details expressed in section 9, to which the restrictions can be referred. It also cited section 13, providing that the members of the board shall receive certain compensation for their attendance at sessions, expressly provided to be paid from the permanent road fund. Also the provisions of section 13, providing for the keeping of accounts by the secretary, and monthly reports of receipts and disbursements, and the method of drawing warrants. There is also included section 15, providing that, upon the organization of the county board, or the board for any political subdivision, it shall employ a competent, experienced, and skilled engineer, having practical experience, at a salary not to exceed $2,000 per annum, to be paid monthly out of the permanent road fund, and whose term of employment shall last so long as he faithfully and thoroughly discharges the duties of his office to the satisfaction of the board. Such engineer is required to take the oath of office prescribed by law, and to execute bond, conditioned that he will faithfully, diligently, and efficiently discharge all the duties required of him by law or by the board. In section 15 it is further provided that the engineer shall be subject to the provisions of section 19, which defines the duties of the engineer in much detail, substantially embracing services such as appellant seeks to recover for in this case.

The theory of the trial court in disposing of the case is well stated in the conclusions of law, as follows:

"It is the opinion and conclusion of the court that it was the purpose of said special road law to make definite and specific requirements and restrictions in connection with the employment of an engineer to make surveys and plans and estimates for the construction of the road system, and that by the use of the prohibitory language above quoted, to wit, 'said fund shall only be expended as herein provided', the Legislature made the provisions and requirements of section 15 mandatory; therefore I conclude that, in departing from the provisions of said section in the employment of the plaintiff as above set forth, said permanent road board acted without authority and did not bind itself nor fix any charge upon said road fund for the $400 agreed to be paid to plaintiff, and said plaintiff is not entitled under said road law to recover said sum from said road board nor from Falls county. I further conclude that the plaintiff is not entitled to recover the attorney's fee sued for, and that all costs incurred by the defendants should be taxed against the plaintiff."

The propositions relied upon for reversal are substantially these: That from the powers expressly conferred upon the road board by the act of the Legislature with relation to the building, improving, and repairing of roads, and the expending of funds therefor, there flowed the incidental or implied authority to take such preliminary steps as, in the sound discretion of the board, would procure an economical and efficient administration of the fund; that it was not the intention of the Legislature to take from the Board all discretionary power, and that the employment of plaintiff was within the incidental and implied powers of the Board.

The principles determinative of this appeal are thought to be stated in Baldwin v. Travis County, 40 Tex. Civ. App. 149, 88 S. W. 480, and authorities cited. Speaking of the authority of county commissioners' courts, it was there said (40 Tex. Civ. App. at page 157, 88 S. W. at page 484):

"County commissioners' courts have no power or authority, except such as is conferred upon them by the Constitution or statutes of the state. We have been unable to find any constitutional or statutory provision conferring general or special authority upon commissioners' courts to contract for or provide for the payment by the county of the expenses of the character sued for in this case."

The expenses referred to in that case related to the cost of publishing delinquent tax citations. It was further said, in the course of the opinion, that the commissioners' court was without authority to bind the county by the ratification of a contract it was not authorized to make, and therefore no action upon a quantum meruit would lie, nor any estoppel to set up want of authority in making the contract. A number of authorities are cited under each proposition.

[1] Applying these principles to the facts of the present case, we are of the opinion that the learned trial judge was correct in his conclusions of law. The act creating the road precinct and the road board, considered in its entirety, contains no such grant of express powers as to authorize by implication the power to make a contract such as is involved in this case, nor to bind the board to pay the compensation agreed upon, out of the permanent road fund. There is no other source from which it might legally be paid.

[2] Whatever might be the arguments in favor of such implied power, if the act were silent in respect to the performance of services such as were rendered by plaintiff, they have no force when the provisions of the law on this subject are considered. The act re-

quires the board upon its organization to employ a competent, experienced, and skilled engineer, and his duties are specifically defined in section 19, as well as the requirement that the engineer should discharge all the duties required of him by the board. Whether such engineer is, strictly speaking, an officer or not, he is placed upon a salary, payable out of the permanent road fund, and he is required to give bond and take the oath of office required by law. The services required or authorized to be required are, in all essential respects, similar to those performed by plaintiff. The act bears intrinsic evidence of the legislative purpose that the board must avail itself of the skill, experience, and service of an engineer appointed under the provisions and requirements of section 15, and that no obligation to pay for such services otherwise was intended to be within the powers of the board. It is clear to us that these provisions are mandatory, and that the board exceeded its authority in contracting for plaintiff's services. With the wisdom of this policy the courts have no concern. We are bound by the legislative declaration, and must give it effect.

[3] It follows, under the rules of law above stated, that no action would lie for the value of the services, even though benefits were received by the board, and although the services were worth the sum claimed. There being no power to make the contract, neither the board nor the fund could be bound upon a quantum meruit nor upon principles of estoppel. These views require an affirmance of the case.

Affirmed.