

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann
~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. O-1299
Re: Can the commissioners' court legal-
ly appropriate money from any of the
Bexar County funds, including Road and
Bride Funds, for fire protection from
the City of San Antonio for districts
outside the City of San Antonio? And
related questions.

Your request for our opinion on the questions as are herein stated
has been received by this department. Your questions are as follows:

"1. Can the commissioners' court legally appropriate money from any of
the Bexar County funds, including Road and Bridge funds, for fire pro-
tection from the City of San Antonio for districts outaide the City of
San Artonio?

"2. Can the county enter into a contract with the City of San Antonio
for fire protection for the county institutions located outside of the
city limits?"

We are informed by the Comptroller's office that Bexar County has
a population of two hundred and nine-two thousand five hundred and thirty-
three (292,533) inhabitants as shown by the last Federal Census.

Article 2351, Revised Civil Statutes, setting forth the powers and
duties of the commissioners' court as amended by Article 2351a, Acts of
the 46th Legislature provides that:

"The Commissioners' Court in counties having a population of more than
three hundred thousand (300,000) and less than three hundred and fifty
thousand (350,000) inhabitants in accordance with the last preceding
Federal Census, and in counties having a population of more than forty-
eight thousand, five hundred (48,500) and less than forty-nine thousand
(49,000) inhabitants and in counties having a population of not less than
twenty-two thousand and eighty-nine (22,089) nor more than twenty-two
thousand, one hundred (22,100) inhabitants in accordance with the last
preceding Federal Census, shall have the authority to purchase fire-
fighting equipment by first advertising and receiving bids thereon as
provided by law, to be used for the protection and preservation of
bridges, county shops, county warehouses, and other property located
without the limits of any incorporated city or town."

Article 2351b-1, Acts of the 46th Legislature provides that:

"The Commissioners' Court in counties having a population of less than twenty thousand (20,000), according to the last preceding Federal Census, and a property valuation of more than One Hundred Million Dollars ($100-000,000), according to the last approved county tax rolls, are authorized and empowered to enter into contracts and agreements with the governing bodies of municipalities within such counties for the purpose of furnishing fire protection within such counties, but outside the corporate limits of such municipalities, and to make appropriations for paying such municipalities for furnishing such fire protection."

Bexar County does not come within the population brackets set forth in the above quoted statutes. Article 2351b-1, supra, authorizing and empowering the commissioners' court of certain counties to enter into contracts and agreements with the governing bodies of municipalities within such counties for the purpose of furnishing fire protection within such counties, but outside the corporate limits of such municipalities, and to make appropriation for paying such municipalities, for furnishing such fire protection clearly indicates that the commissioners' court of any cointy does not have such authority unless specifically provided by statute.

We quote from Texas Jurisprudence, Vol. 11, pages 563-565, as follows:

"Counties, being component parts of the state, have no powers or duties except those which are clearly set forth and defined in the constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' court, the medium through which the different counties act, and from these statutes must come all the authority vested in the counties. . . .

". . . Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the constitution and statutes of the State." See the cases of Edwards County vs. Jennings, 33 S.W. 585; Seward vs. Falls County, 246 S.W. 728; Sun Vapor Electric Light Co. vs. Keenan, 30 S.W. 868; City of Breckenridge vs. Stephens County, 26 SW 2nd 405; Scaling vs. Williams, 284 SW 310; Moore vs. McLennan County, 255 SW 478; Hill County vs. Hamilton, 273 SW 292; Temple Lumber Company vs. Commissioners' Court of Sabine County, 239 SW 668.

The case of Commissioners' Court vs. Wallace, 15 SW 2nd 535, holds among other things that the Commissioners' Court must have authority of law for its contracts.

There being neither constitutional nor statutory authority for the Commissioners' Court of Bexar County to do the things involved in your questions, you are respectfully advised that it is the opinion of this department that both of said questions should be answered in the negative and are so answered.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /a/ Ardell Williams

Ardell Williams
Assistant

APPROVED OCT 4, 1939

/s/ W.F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

AW:AW:egw

Approved
Opinion Committee
By B W B
Chairman