

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXXXX~~
~~JOHN BEN SHEPPERD~~

~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Honorable A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-2517
Re: Has the commissioners court
authority to issue a franchise
to a local telephone company
operating outside the City of
Conroe in Montgomery County?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"Has the Commissioners' Court authority to issue a franchise to a local telephone company operating outside the City of Conroe in Montgomery County. If so, what is the limit on the charge for this particular service."

Articles 1416 and 1417, Vernon's Annotated Civil Statutes read as follows:

"Art. 1416. Corporations created for the purpose of constructing and maintaining magnetic telegraph lines, are authorized to set their poles, piers, abutments, wires and other fixtures along, upon and across any of the public roads, streets and waters of this State, in such manner as not to incommode the public in the use of such roads, streets and waters.

"Art. 1417. They may also enter upon any lands owned by private persons or by a corporation, in fee or less estate, for the purpose of making preliminary surveys and examinations with a view to the erection of any telegraph line, and from time to time appropriate so much of said lands as may be necessary to erect such poles, piers, abutments, wires and other necessary fixtures for a magnetic telegraph, and to make such changes of location of any part of said lines as may from time to time be deemed necessary, and shall have a right of

access to construct said line, and when erected, from time to time as may be required to repair the same, and shall have the right of eminent domain to obtain the right of way and condemn lands for the use of the corporation."

"An agency to whom the state has not delegated the power cannot grant a franchise." Corpus Juris, Vol. 26, page 1027.

We quote from Corpus Juris, Vol. 62, page 29, as follows:

"A telegraph or telephone company cannot occupy or use public streets or highways without legislative authority granted either directly or indirectly, and cannot exist by implication merely. The power to grant such authority rests in congress as to highways which are post roads; as to other streets and highways, the power rests ultimately in the state, and in municipalities to which the state delegates its power."

We quote from Texas Jurisprudence, Vol. 40, page 407, as follows:

"Being public utilities, telegraph and telephone companies are subject to regulation in the public interest. While this right of regulation is one of the inherent powers of the State and its subordinate agencies, yet, as mentioned in another article of this work, in assenting to the Federal Constitution the several states surrendered to the national government their powers over interestate commerce. Since it is settled law that the transmission of intelligence from one state to another constitutes interstate commerce, it results that telegraph and telephone companies may be subject to regulation by three different agencies; the United States, the State and the inferior agencies, such as municipal corporations, to whom the State has delegated regulatory power.

"The regulation of telegraph and telephone companies was for many years wholly in the hands of the several state governments. But in 1910 the Federal Government assumed jurisdiction of such corporations, in so far as their interstate and foreign activities are concerned and state control is therefore definitely limited to intrastate matters...."

We further quote from Texas Jurisprudence, Vol. 40, pages 413, 414 and 415 as follows:

"The statute that authorizes telegraph and telephone

companies to make use of 'any of the public roads, streets and waters of the State' does not in terms make any distinction between telephone companies with respect to the character of service rendered - whether local or long distance. But it seems that there is a very significant distinction, in so far as the regulatory rights of muhicipal corporations are concerned. In the case of telegraph companies and long distance telephone companies a city, town or village may make reasonable rules and regulations in respect of the location of the line, the kinds of poles that may be used and the height at which the wires may be strung; but it has no right whatsoever to deny to such corporations the use of its streets, at least in so far as out-of-town business is concerned; as to such business the right to use the streets is absolute.

"But the situation seems to be wholly different with respect to local telephone companies. Such corporations have no absolute right to use the streets, and can do so only with the consent of the municipal authorities. This consent is commonly manifested by the grant of a franchise which may fix the rates to be charged for telephone service and set forth the general conditions under which the company may transact its business...."

With reference to Article 1416, supra, we quote from Texas Jurisprudence, Vol. 40, page 368, as follows:

"While it seems probably that the Legislature did not have telephone companies in mind at the time it enacted this statute, the courts have held that the term 'magnetic telegraph lines' is broad enough to include telephone lines. Accordingly it is now settled law that, with an exception hereinafter noticed, telephone companies are as much entitled to take advantage of the enactment as telegraph companies. It will be noted, however, that the grant is confined to corporations only, and this obviously means that neither a co-partnership nor an individual is entitled to its benefits, in the absence of special authorization."

The general rule governing powers and limitations of the county commissioners' court, as set out by the Supreme Court in Commissioners' Court vs. Wallace, 15 SW 2d 535, reads in part as follows:

"The commissioners' court is a creature of the State Constitution, and its powers are limited and controlled by the Constitution and the laws as passed

by the Legislature. Art. 5, Sec. 18, Constitution
of Texas; Baldwin vs. Travis County, 88 SW 480;
Seward vs. Falls County, 246 SW 728; Bland vs. Orr,
39 SW 558."

"The legislative department of the government
is a source of the grant of a franchise, and there
must be a certain grantee. The Legislature, unless
constitutionally inhibited, may exercise its authority
by direct legislation, or through agencies duly
established having power for that purpose." Texas
Jurisprudence, Vol. 19, page 879.

It is a well established rule that the commissioners'
court may exercise only those powers specifically designated
by the Constitution or the statutes or those powers necessarily
implied. The fact that a franchise is a very special privilege
given only by a direct legislative grant or by specifically
designated agency, we must reach the conclusion that the
Legislature has not designated the county commissioners' court
as an agency with the right and power to grant a franchise.

In view of the foregoing authorities, you are
respectfully advised that is the opinion of this department
that the commissioners' court does not have the power or
authority to grant a franchise to a local telephone company
operating outside the city of Conroe in Montgomery County.

Trusting that we have fully answered your inquiry,
we are

                              Very truly yours

                         ATTORNEY GENERAL OF TEXAS

                         By   s/ Ardell Williams

APPROVED JULY 15, 1940
s/ Grover Sellers                 Ardell Williams
FIRST ASSISTANT                      Assistant
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By BWB, Chairman

AW:AW/cg