

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Opinion No. O-2281
Re: Would an act of the legislature
be required before Taylor County
could levy a tax for the estab-
lishment of a county health unit?
Construing Article 4418f Vernon's
Annotated Civil Statutes.

Dear Sir:

Your request for an opinion of this Department, by letter dated April 24th has received our attention. Your letter reads as follows:

"There is a strong sentiment in this County to establish a county health unit, which cannot be done without the power to levy a tax.

"Under Art. 4436A, counties of not less than 22,200 nor more than 22,500 are authorized to levy a tax not to exceed ten cents on each one hundred dollars for creating a County health unit.

"The State Health Department has written our Red Cross secretary to the effect that a county health unit could be created under Senate Bill No. 47, passed May 31, 1927, and refers to Section 10 of that bill.

"Article 4436A seems to apply only to Nolan County so far as we can determine from the census.

"I am of the opinion that it would re-quire an act of the legislature before we

could levy a tax for the establishment of a
county health unit. Am I correct?"

We find that the population of Taylor County,
according to the 1930 Federal Census, to be 41,023 in-
habitants; consequently, Taylor County would not come with-
in the provisions of Article 4436A-2 Vernon's Civil Sta-
tutes, referred to in your request.

The Acts of 1927, Fortieth Legislature, First
Called Session, Chapter 42, established a State Depart-
ment of Health, consisting of a State Board of Health, a
State Health Officer and his administrative staff, having
general powers and duties imposed and authorized by its
provisions (Article 4414a, 4415a, 4416a, 4417a, 4418a,
4418f, Vernon's Civil Statutes) whose purpose is to pro-
tect and promote the health of the people of Texas.

Article 4418a, Section 6, Subdivision (3) of said
Act authorizes the State Board of Health to adopt rules,
not inconsistent with law, for its own procedure, a copy of
which rules shall be filed in the State Department of Health.

Article 4418d, Section 8 of said Act, provides that
the State Health Officer shall exercise all the powers and
discharge all the duties vested by law in the State Depart-
ment of Health; that he shall be the executive head of the De-
partment and shall have the power, with the approval of the
State Board of Health, to provide and promulgate such admin-
istrative rules and regulations as may be deemed necessary,
not inconsistent with the laws of this State, for the ef-
fective performance of the duties imposed by all laws upon
the State Department of Health.

Article 4465a, being Section 11 of Chapter 42 of
said Acts of 1927, provides that all laws relating to pub-
lic health, sanitation and the control and prevention of
communicable, contagious and infectious diseases, shall
remain in force except where in conflict with the provisions
of said Act.

Generally, the legislature has clearly placed the
power, which by the declared policy of this State in health
and sanitary regulations in protecting and promoting the

health of its people, is vested in the State Health Department. While such matters are of concern to the Commissioners' Court of the various counties, such agencies are courts of limited jurisdiction and their powers are limited and controlled by the Constitution and the laws as passed by the Legislature.

"Public matters concerning the people of the State at large in common with the inhabitants of the given community are clearly within the sovereign jurisdiction of the State to be administered by it in whole or in part, exclusively, or concurrently with the local corporation, the separation of administration depending on the policy of the particular state as said policy has developed as disclosed in its laws, organic, statutory, and decisions." McQuillin Municipal Corporation, Second Edition, Vol. 1, Section 195, p. 527.

In keeping with this policy, the legislature, by Article 4423, Vernon's Civil Statutes, has provided for the the appointment of a county health officer by the Commissioners' Court of each organized county. Article 4427 of said statutes requires the county health officer, among other duties, to aid and assist the State Board of Health in all matters of local quarantine, inspection, disease prevention and suppession, vital and mortuary statistics and general sanitation within his county; and he shall at all times "report to said State Board, in such manner and form as it shall prescribe, the presence of all contagious, infectious and dangerous epidemic diseases within his jurisdiction; . . . and he shall aid said State Board at all times in the enforcement of its proper rules, regulations, requirements and ordinances, and in the enforcement of all sanitary laws and quarantine regulations within his jurisdiction."

Article 4528a, of said statutes, authorizes the Commissioners' Court to employ one or more Graduate Registered nurses whose duty is to visit the public schools in the county, investigate the health conditions and sanitary surroundings of such schools, cooperate with the duly organized Board of Health and local health authorities in general and perform such other and further duties as may be required of them by the Commissioners Court. Each of the foregoing

named persons, the County Health Officer and graduate nurse or nurses where employed, in their relation to the health work and in cooperating with the State Health Department, could be properly termed a "health unit."

Section 10, Senate Bill 47, Acts of 1927, Fortieth Legislature, First Called Session, Chapter 42, is found incorporated under Article 4418f, Vernon's Civil Statutes. This article reads as follows:

"It shall be lawful for the State Department of Health to accept donations and contributions, to be expended in the interest of the public health and the enforcement of public health laws. The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County."

The above statute specifically authorizes the Commissioners Court of the county to expend funds from its general revenue fund for county purposes for and in behalf of public health and sanitation. Such provision contemplates the rendering of financial aid in cooperation with the State Health Department in the administration of the health and sanitation regulations and the protecting of the public health within the confines of the county. The enactment by the Legislature of Chapter 42, including Article 4418f, did not repeal Article 4427, supra, nor does Article 4418f supersede or in any way contemplate expenditure of funds by health units or persons whose functions or duties conflict with the statutory duties imposed upon the County Health Officer.

It is not presumed that the administrative rules and regulations promulgated by the State Health Officer in creating what the Department terms a "County Health Unit", its purpose and functioning, is inconsistent with the performance of duties imposed by law upon that Department. We are unable to find where the legislature has defined the term "County Health Unit", or that there is any legal significance attached to the use of the term.

"The Commissioners Court is a creature of the State Constitution and its powers are limited and controlled by the Constitution and the laws as

passed by the Legislature." Commissioners
Court vs. Wallace, 15 S.W. (2d) 535, citing
Constitution, Article 5, Sec. 18; Baldwin
vs. Travis County, 40 Tex.Civ.App. 199, 88
S.W. 480; Seward vs. Falls County (Tex.Civ.App.)
246 S.W. 728; Bland vs. Orr, 90 Tex. 492, 39 S.W.
558.

Article 8, Section 9 of the Constitution of Texas,
creates the five separate classes of constitutional funds and
fixes the limit of funds to be raised through taxation by any
county, limiting the funds for county purposes or commonly
known as the General Fund to twenty-five cents on the One Hun-
dred Dollars valuation in any one year. In the case of Carroll
v. Williams, 109 Texas 155, 202 S.W. 504, it was held that this
provision of the Constitution also constituted a limitation
on the expenditures from such fund.

Although section 10 of the Act (Article 4418f)
does not expressly authorize the creation of a "County Health
Unit", it does authorize the expenditure of funds from the
General Fund of the county for and in behalf of public health
and sanitation in the county.

It is, therefore, the opinion of this Department
that Article 4418f, Vernon's Civil Statutes, authorizes the
Commissioners' Court to appropriate and expend money from
the general fund of the county for and in behalf of public
health and sanitation within the county. Such statute does
not place any control or limitation on such expenditures as
to how the money may be expended. Such funds expended in
cooperation with the State Health Department in its authorized
administration of the health and sanitation laws of the State
within the county would meet the requirement of the statute.
No additional levy of taxes outside of the constitutional
limit of twenty-five cents on the hundred dollar valuation
(Article 8 of Section 9 of the Constitution) is contemplated
or authorized.

Yours very truly

WmJRK:ew:bt                    ATTORNEY GENERAL OF TEXAS

By      s/ Wm. J.R. King
                    Assistant

APPROVED May 13, 1940
Gerald C. Mann
Attorney General of Texas
APPROVED OPINION COMMITTEE
By RWF, Chairman