

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Fred Norris
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-2274
Re: Under stated facts, does Polk
County owe Gulf States Utilities
Company anything or not?

Your recent request for an opinion of this department on the questions as are herein stated has been received. We quote from your letter as follows:

"Attached you will find a copy of a franchise that Polk County made or issued to Gulf States Utilities Company of Beaumont, Texas, which is self-explanatory, with which and with the Statute I desire an opinion on the following question, (please be referred to your Opinion No. O-2405, where we had a similar question with the Shell Pipeline Corp.).

"Under the authority mentioned above, the Gulf States Utilities Company erected its lines in Polk County over, along and across our roads and highways, etc. Now in relocating our highways in Polk County, it was necessary that said Gulf States Utilities Company be asked or ordered to remove several poles of their power lines, they did so, and have presented us with an account in payment of said expenses in removing these poles. (They were ordered to move these poles by the Highway Department).

"Please advise as to whether or not Polk County owes Gulf States Utilities Company anything or not.

"Now, on April 5, 1938, Gulf States Utilities Company presented us with an account similar to the above and through an oversight I recommended that the Commissioners' Court pay this first account, and they did and immediately thereafter, the County Treasurer presented them with a check for the full amount, thus they received their money.

"If your answer to the first question is 'No' then has the statute of limitation cut us off from entering suit for our money?"

The copy of the Franchise of Polk County granted to the Gulf States Utilities Company, which accompanies your inquiry, reads as follows:

"FRANCHISE

GULF STATES UTILITIES COMPANY

"A resolution granting to the GULF STATES UTILITIES COMPANY, its successors and assigns, the right, privilege and franchise to erect, construct, maintain, operate, use, extend, remove, replace, and repair in, under, upon, over, across, and along any and all of the present and future public roads, highways, streams, squares, parks, lanes and alleys of Polk County, Texas, and over and across any stream or streams, bridge or bridges, now or hereafter owned or controlled by it, a system of poles, pole lines, transmission lines, wires, guys, conduits, and other desired instrumentalities and appurtenances, (including telegraph and telephone poles and wires for grantee's own use), necessary or proper for the supply and distribution of electricity for light, heat, and power, and for other purposes for which electricity may be used, to Polk County and its inhabitants of said county, or any other person or persons, firm or corporation. (Underscoring mine)

"BE IT RESOLVED BY THE COMMISSIONERS' COURT OF POLK COUNTY, TEXAS:

"Section 1. The word 'grantee' shall herein denote GULF STATES UTILITIES COMPANY, a corporation, its successors and assigns; and word 'grantor' shall denote Polk County, Texas.

"Section 2. That Polk County does hereby grant unto the said grantee, its successors and assigns, the right, privilege and franchise to erect, construct, maintain, operate, use, extend, remove, replace and repair, in, under, upon, over, across and along any and all of the present and future public roads, highways, streets, squares, parks, lanes and alleys, owned or controlled by it, a system of poles, pole lines, transmission lines, wires, guys, conduits, and other desirable instrumentalities and appurtenances, (including telegraph and telephone poles and for use of grantee) necessary or proper for the purpose of carrying, conducting, supplying, distributing and selling to Polk County, and its inhabitants of Polk County, and any other person or persons, firm or firms, corporation or corporations, electricity for light, power and heat, and for any other purpose for which electricity may be used; to carry, conduct, supply, and distribute electricity by means of said poles, pole lines, transmission lines, conduits or other instrumentalities, and to sell the same to Polk County, and the inhabitants thereof, or to any other person or persons, firm or firms, corporation or corporations.

"Section 3. The work of constructing and erecting poles, towers and lines shall be so conducted as to not interfere with the construction and maintenance of or with traffic over said roads, streets, bridges and alleys.

"Section 4. The service furnished hereunder to said Polk County and its inhabitants shall be first class in all respects, considering all circumstances.

"Section 5. Grantee shall hold Polk County harmelss for all expenses or liability for any act or neglect of grants hereunder.

"Section 6. Nothing herein contained shall ever be construed as conferring upon the grantee any exclusive rights or privileges of any nature whatsoever.

"Section 7. This resolution shall be in force from and after its passage, and, upon the filing by the grantee of a written acceptance with the County Clerk of Polk County within sixty (60) days after the final passage of this resolution, same shall then become a binding contract and shall exist for a period of fifty (50) years.

"Passed and duly enacted by the Commissioners' Court of Polk County, Texas, at a regular term and session of said Court, in accordance with the laws of the State of Texas, on this the 10th day of October, A.D. 1927.

"James E. Hill, Jr.
County Judge of Polk County, Texas,

Hobby Galloway,
Commissioner Prec. #1, of Polk County Texas,

K. McCraney,
Commissioner, Prec. #2, Polk County, Texas,
B. L. Thompson,
Commissioner, Prec. #3, Polk County, Texas,

Fred Handley,
Commissioner, Prec, #4, Polk County, Texas."

Articles 1435 and 1436, Vernon's Annotated Civil Statutes, read as follows:

"Art. 1435. POWERS. - Gas, electric current and power corporations shall have power to generate, make and manufacture, transport and sell gas, electric current and power to individuals, the public and municipalities for light, heat, power and other purposes, and to make reasonable charges therefor; to construct, maintain and operate power plants and substations and such machinery, apparatus, pipes, poles, wires, devices and arrangements as may be necessary to operate such lines at and between different points in this State; to own, hold, and use such lands, right of way, easements, franchises, buildings and structures as may be necessary for the purpose of such corporation."

"Art. 1436. RIGHT OF WAY. - Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, right of way, easements and property of any person or corporation, and shall have the right to erect its lines over and across any public road, railroad, railroad right of way, interurban railroad, street railroad, canal or stream in this State, any street or alley of any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town. Such lines shall be constructed upon suitable poles in the most approed manner and maintained at a height above the ground of at least twenty-one feet; or pipes may be placed under the ground, as the exigencies of the case may require."

Article 6021, Vernon's Annotated Civil Statutes, provides in part that:

"The right to run pipe lines, telegraph and telephone lines along, across or over any public road or highway can only be exercised upon condition that the traffic thereon be not interfered with, and that such road or highway be promptly restored to its former condition of usefulness, and the restoration thereof to be subject also to the supervision of the commissioners' court or other proper local authority. . . ."

It was held in our Opinion No. 0-180F that "the commissioners' court would not have the authority to grant a franchise to the Central Power & Light Company to cover the county of Brewster, Texas." We are enclosing a copy of that opinion for your convenience.

The general rule governing powers and limitations of the County Commissioners' Court, as set out by the Supreme Court in Commissioners Court v. Wallace 15 SW (2d) 335, reads, in part as follows:

"The Commissioners' Court is a creature of the State Constitution, and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature. Art. 5, Sec. 18, Const. of Tex; Baldwin v. Travis County, 58 SW 480; Seward v. Falls County, 246 S.W. 728; Bland v. Orr 39 SW 558."

Articles 2351 and 2372a, Vernon's Annotated Civil Statutes, as amended, set out the various powers and duties of the Commissioners' Court, and are too lengthy to set out in this opinion. However, it should be pointed out that none of the above mentioned articles, directly or indirectly, gives the commissioners' court the power to issue a county franchise to the above mentioned power company.

In Tex. Jur., Vol. 19, at pp. 876-879, we find the following language in regard to franchises:

"To be a franchise the right must be of such a nature that, from express legislative authority, it cannot be exercised. . . . The legislative department of the Government is a source of the grant of a franchise. . . . The Legislature, unless constitutionally inhibited, may exercise authority by direct legislation, or through agencies duly established, having power for that purpose."

It is a well established rule that the commissioners' court may exercise only those powers specifically designated by the Constitution or the statutes, or those powers necessarily implied. The fact that a franchise is a very special privilege given only by a direct legislative grant or by specifically designated agency, we must reach the conclusion that the county commissioners' court does not have the power or authority to grant a county franchise to a power company.

It will be noted that Article 1436 permits corporations like the one here under consideration to erect its lines only "over and across" and not "along" public roads, etc.

When a corporation as above mentioned erects and constructs its lines, poles and lines, etc., over and across any street and alley of any incorporated city and town in this State, such corporation must do so with the consent and

under the direction of the governing body of such city or town.

As above pointed out, the State by Article 1436 has conferred the right upon corporations as above mentioned to erect and construct its lines over and across public roads. It is a fundamental principle of law that property shall not be taken for public use without adequate compensation, and that no person shall be deprived of his property except by due course of law. The plat showing the location of the right of way for the old highway, the right of way for the power line and the right of way for the newhighway shows that the power line did not crossor go over the original highway, but when the new highway was constructed, the right of way for the same crossed the right of way of the power line or utility company, necessitating the removal of a few poles of the power line along the side of the new highway, also the utility company was required to use higher poles in crossing the highway anderect certain guy lines in making the above mentioned changes. However, the utility company was not required to secure any additional right of way for the above mentioned purposes.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that the county is liable to the Gulf States Utilities Company for all reasonable expenses necessarily incurred by said company for the purposes aforesaid.

You further state in your inquiry that on April 5, 1938 the Gulf States Utilities Company presented you with an account similar to the above and that the same was paid by the commissioners' court. It is our further opinion that if the facts in the above mentioned transaction were similar to the facts discussed in this opinion, then the county would be liable for such expenses. Therefore, your second question becomes moot.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

APPROVED JULY 15, 1940
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
BY B W B
Chairman

AW:OB:egw