

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~WILLIAMSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. 0-1827
Re: Can the commissioners' court pay a solicitor to secure members for the group hospital service provided for under Article 4590a?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"Article 4590a Revised Civil Statutes provides for Group Hospital Service. Section 3 limits to 15% of all dues and payments the amount that may be paid for administering the affairs of the Service.

"Can the Commissioners' Court pay a Solicitor to secure Members for the Group Hospital Service provided for under the above article?"

Sections 1, 2 and 3 of Article 4590a, Vernon's Annotated Civil Statutes, reads as follows:

"Section 1. That from and after the passage of this Act, any seven (7) or more persons, a majority of whom are superintendents of hospitals or physicians or surgeons licensed by the State Board of Medical Examiners, upon application to the Secretary of State of the State of Texas for a corporate charter may be incorporated for the purpose of establishing, maintaining and operating a nonprofit hospital service plan, whereby hospital care may be provided by said corporation through an established hospital or hospitals, and sanitariums with which it has contracted for such care, as is hereinafter defined."

"Sec. 2.  That such corporations when or-
ganized shall be authorized to accept applicants,
who may become members of said corporations fur-
nishing group hospital service under a contract,
which shall entitle each member to such hospi-
tal care for such period of time as is provided
therein; and that such corporations shall be
governed by this Act and shall not be construed
as being engaged in the business of insurance
under the laws of this State.  That such corpora-
tions organized and operated under the provisions
of this Act shall not be required by any depart-
ment of this State to post bond, or place de-
posits with any department of this State to be-
gin and/or operate under this Act and the pro-
visions of Title 78 of the Revised Civil Statutes
of Texas of 1925, are hereby declared inapplica-
ble to corporations organized and/or operated
under this Act."

"Sec. 3.  That said corporations shall be
governed and conducted as nonprofit organiza-
tions for the sole purpose of offering and fur-
nishing hospital service to its members in con-
sideration of the payment by such members of a
definite sum for the hospital care so contracted
to be furnished.  The necessary expenses of ad-
ministering the affairs of said corporations
may be paid from the dues or payments collected.
Provided not more than fifteen per cent (15%)
of all dues or payments received may be used for
expenses of administering the affairs of said
corporation, subject to the authorization or
approval of the Board of Insurance Commissioners
of Texas."

Article 4478, Vernon's Annotated Civil Statutes, reads
as follows:

"The commissioners court of any county
shall have power to establish a county hospi-
tal and to enlarge any existing hospitals for
the care and treatment of persons suffering
from any illness, disease or injury, subject
to the provisions of this chapter.  At inter-
vals of not less than twelve months, ten per
cent of the qualified property tax paying voters
of a county may petition such court to provide
for the establishing or enlarging of a county
hospital, in which event said court within the
time designated in such petition shall submit

to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital. Whenever any such proposition shall receive a majority of the votes of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital and shall have the following powers:

"1. To purchase and lease real property therefor, or acquire such real property, and easements therein, by condemnation proceedings.

"2. To purchase or erect all necessary buildings, make all necessary improvements and repairs and alter any existing building, for the use of said hospital. The plans for such erection, alteration, or repair shall first be approved by the State Health Officer, if his approval is requested by the said commissioners court.

"3. To cause to be assessed, levied and collected, such taxes upon the real and personal property owned in the county as it shall deem necessary to provide the funds for the maintenance thereof, and for all other necessary expenditures therefor.

"4. To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital and for all other necessary permanent improvements in connection therewith; to do all other things that may be required by law in order to render said bonds valid.

"5. To appoint a board of managers for said hospital.

"6. To accept and hold in trust for the county, any grant or devise of land, or any gift or bequest of money or other personal property or any donation to be applied, principal or income or both, for the benefit of said hospital, and apply the same in accordance with the terms of the gift."

Also see Articles 4479, 4480, and other articles set

out in Chapter 5 under Title 71 of Vernon's Annotated Civil Statutes, pertaining to the board of managers, powers of such board, records, superintendents, admission of patients, support of patients, etc., regarding county hospitals, wherein the county commissioners' court has certain duties and authorities as given by the above-mentioned statutes.

The statutes mentioned under Title 71, Chapter 5, of Vernon's Annotated Civil Statutes, are called to your attention for the purpose of showing the Legislature had treated the subject of erecting, establishing, operating and maintaining such hospitals with considerable detail.

The commissioners' court is given the authority to acquire real property for such purpose; to erect all necessary buildings, and to levy and collect taxes for the maintenance thereof.

The commissioners' court is a creature of the State Constitution and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature. See Article 5, Section 18, of the Constitution of Texas; Baldwin v. Travis County, 88 S.W. 480; Seward v. Falls County, 246 S.W. 728; Commissioners' Court v. Wallace, 15 S.W. (2) 535.

Article 4590a does not give any new or additional power or authority to the Commissioners' Court regarding county hospitals.

In opinion No. 0-926, written by Honorable Wm. J.R. King, Assistant Attorney General, directed to Honorable A. E. Hickerson, County Auditor, Montgomery County, Conroe, Texas, this department held that:

"It is the opinion of this department that the Montgomery County Hospital Board of Managers does not have authority to sell policies of insurance for hospital service under a membership plan as a means of financing the county hospital."

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the county commissioners' court has no authority to employ and pay a solicitor to secure members for group hospital service as provided for under Article 4590a, supra.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:LM:wc

s/GERALD C. MANN

Approved Opinion Committee By s/BWB Chairman