THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



GERALD C. MANN

ATTORNEY GENERAL

Hon. A. M. Turney
County Attorney
Brewster County
Alpine, Texas

Dear Sir:

Opinion No. 0-1805
Re: Does the Commissioners Court
have the authority to grant a
franchise to the Central Power
& Light Company to cover County
of Brewster, Texas?

Your request for an opinion on the above stated question has been received by this office.

The powers which the commissioners court may exercise are defined in the Constitution in the following language:

"The county commissioners court, . . . with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." (Article 5, Section 18, Constitution of the State of Texas.)

The general rule governing powers and limitations of the county commissioners court as set out by the Supreme Court in Commissioners Court v. Wallace, 15 S.W. (2d) 535, reads as follows:

"'The commissioners court is a creature of the state constitution, and its powers are limited and controlled by the constitution and the laws as passed by the legislature.' Article 5, Section 18, Constitution of Texas; Baldwin v. Travis County, 88 S.W. 480, Seward v. Falls County (Tex. Civ. App.), 246 S.W. 728; Blank v. Orr, 39 S.W. 558."

Articles 2351 through 2372f, Revised Civil Statutes, 1925, as amended, set out the various powers and duties of the commissioners court and are too lengthy to set out in this opinion. However, it should be pointed out that none of the before-mentioned articles, directly or indirectly, give the commissioners court the power to issue a county franchise to an electric light and motor power company.

In Texas Jurisprudence, Vol. 19, at pp. 876-879, we find the following language in regard to franchises:

"To be a franchise the right must be of such a nature that, without express legislative authority, it cannot be exercised ... The legislative department of the government is the source of the grant of a franchise, ... The legislature, unless constitutionally inhibited, may exercise its authority by direct legislation, or through agencies duly established having power for that purpose."

It is a well-established rule that the commissioners court may exercise only those powers specifically designated by the Constitution or the statutes. (Mills County v. Lampasas County, 90 Tex. 606, 40 S.W. 403; Von Rosenberg v. Lovett, 173 S.W. 508; Miller v. Brown, 216 S.W. 452.) Add to that rule the fact that a franchise is a very special privilege only given by direct legislative grant or by a specially delegated agency, and we must reach the conclusion that the county commissioners court does not have the power to grant a county franchise to an electric company.

In the case of Edwards County v. Jennings, 33 S.W. 585, wherein a county commissioners court attempted to contract for a water supply not only for county purposes but for the use of private citizens, the Court made the following statement:

"That the commissioners' court would have the authority to contract for a sufficient water supply for jail and courthouse there can be no room for doubt; but when we have a contract not only to supply the necessities of the public building, but to supply the general public with water, and providing for special privileges as to laying pipes, a very different question is presented. Counties are political or civil divisions of the state, created for the purpose of bringing government home to the people, and supply the necessary means for executing the wishes of the people, and bringing into exercise the machinery necessary to the enforcement of local government. Counties, being component parts of the state, have no powers or duties except those clearly set forth and defined in the constitution and statutes ... Looking to the powers granted by the legislature by virtue of the above constitutional provision, we find that no authority is given the commissioners' court to enter into such contracts as the one sued on in this case... It is clear, therefore, that the attempted contract was beyond the power and authority confided in the county commissioners;..."

Therefore, it is the opinion of this department that the commissioners court would not have the authority to grant a franchise to the Central Power & Light Company to cover the County of Brewster, Texas.

It should be pointed out that this opinion does not cover the right of the county commissioners court to grant easements over county roads and property or the right of a utility company to secure easements under Article 1435 and Article 1436, Revised Civil Statutes, 1925, as amended.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Frederik B. Isely
    Frederik B. Isely
        Assistant

FBI:pbp:lm

APPROVED JAN 22, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS