

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

Apr. 4, 1947

Hon. W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Opinion No. V-122

Re: Authority of the Commissioners' Court to allow the County Auditor extra compensation for keeping certain records relative to road and bridge expenditures under the facts submitted.

Dear Sir:

Your request for an opinion from this Department on the above subject matter is as follows:

"Road District No. 7, Waller County, Texas voted a $500,000 bond issue for road purposes, bonds were sold December 1945, contract for road construction was let in June 1946, and expenditure of said funds has proceeded since that date.

"In addition to the regular ledgers and records kept by me, as County Auditor, at the request of the Commissioners' Court, I have kept detailed records on the expenditure of each road, as such approximate allocations were set up by the Commissioners' Court. These allocations of amounts to be spent for each road, however, are not set up in the bond order, but merely recorded by Commissioners' Court as a guide in expenditure of funds.

"There are 19 road divisions; and, as stated above, I have kept a detailed ledger on the amounts spent for each road and what said amounts were spent for--this in addition to regular ledgers required.

"The question has arisen as to:

"1. Whether Commissioners' Court has authority to allow me extra compensation

for keeping Road District No. 7 records
which are required of me as Auditor. (Art.
1672 R.C.S. relates to this question)

"2. Whether Commissioners' Court has au-
thority to allow me compensation for ex-
tra ledgers and records which they desire,
but which records are not required of me
as Auditor.

"I shall appreciate your opinion as to whether
I am authorized to approve warrants for compensa-
tion emanating from either of the above two services."

Waller County has a population of 10,280 inhabitants ac-
cording to the 1940 Federal Census and an assessed valuation of
$21,540,365.00 according to the 1946 tax rolls. The county auditor
of Waller County is compensated on a salary basis and his com-
pensation is governed by Article 1645, V.C.S. (Acts 1941, 47th Leg-
islature, page 1331, Chapter 601.)

Article 1651 provides:

"The auditor shall have a general oversight of
all books and records of all the officers of the coun-
ty, district or State, who may be authorized or re-
quired by law to receive or collect any money, funds,
fees or other property for the use of, or belonging to,
the county; and he shall see to the strict enforcement
of the law governing county finances."

Article 1656 provides:

"He shall prescribe and prepare the forms to be
used by all persons in the collection of county reve-
nues, funds, fees and all other moneys, and the mode
and manner of keeping and stating their accounts, and
the time, mode and manner of making their reports to
the auditor, also the mode and manner of making their
annual report of office fees collected and disbursed,
and the amount refunded to the county in excess of those
allowed under the general fee bill law. He shall have
power to adopt and enforce such regulations not in-
consistent with the constitution and laws, as he may
deem essential to the speedy and proper collection,
checking and accounting of the revenues and other
funds and fees belonging to the county."

We quote the following from our Opinion No. O-3001:

"The compensation of public officers is fixed
by the Constitution and statutes. An officer may
not claim or receive any money without a law au-
thorizing him to do so, and clearly fixing the amount
to which he is entitled. An officer is not entitled to
any compensation in addition to that which has been
fixed by law for the performance of the duties of his
office, even though the compensation so fixed is un-
reasonable or inadequate. He may be required by
law to perform specific services or discharge addi-
tional duties for which no compensation is provided.
The obligation to perform such services is imposed
as an incident to the office and the officer by his ac-
ceptance thereof is deemed to have engaged to per-
form them without compensation. (Terrell v. King, 14
S. W. (2d) 786; McCalla v. City of Rockdale, 246 S.W.
654; Texas Juris., Vol. 34, p. 531.)" (Underscoring
ours)

We know of no provision in the statutes of this State pro-
viding for extra compensation for performance of the duties out-
lined in your request. The Commissioners' Court is a Court of
limited jurisdiction and has only such powers as are conferred upon
it by the Constitution and statutes of this State by express terms or
by implication. Von Rosenberg v. Lovett, 173 S. W. 508; Miller v.
Brown, 216 S. W. 452; Howard v. Henderson County, 116 S. W. (2d)
479; Galveston H. & S. A. Railway Company v. Uvalde County, 167
S. W. (2d) 1084; 11 Tex. Jur. 564.

We know of no provision in the Constitution or statutes of
this State which confers upon the Commissioners' Court the power
to expend county funds for the purpose of granting extra compensa-
tion to the County Auditor for the performance of those duties out-
lined in your request.

It is, therefore, the opinion of this Department that the
Commissioners' Court of Waller County is not authorized to allow
extra compensation to the County Auditor under the facts submit-
ted.

## SUMMARY

The Commissioners' Court of Waller County is
not authorized to allow extra compensation to the
County Auditor for keeping Road District No. 7 rec-
ords nor for keeping detailed records of the expendi-
tures upon each road of the county.

Yours very truly,

APPROVED                         ATTORNEY GENERAL OF TEXAS

APR 4, 1947

*Price Daniel*                   By  *John Reeves*

ATTORNEY GENERAL                     John Reeves
OF TEXAS                             Assistant

JR:djm:sl