## HILL COUNTY v. BRYANT & HUFFMAN et al.　(No. 71.)*

(Court of Civil Appeals of Texas. Waco. May 8, 1924. Rehearing Denied June 5, 1924.)

1. **Highways**　☞97¾, New, vol. 16A.Key-No. Series—Special road law held to supersede general in case of conflict.

　Special Road Law for Hill County (Loc. & Sp. Laws 36th Leg. [1919] c. 33) supersedes the general road law where conflicts exist.

2. **Counties**　☞153½ — Advances of funds to road engineers held, in effect, unauthorized loans of same.

　Advances of money to road engineers by commissioners' court to be charged against subsequent earnings by them *held* in effect loans of same unauthorized by Const. art. 3, § 52.

3. **Principal and surety**　☞59—Surety's obligation not extended by implication or construction; contract strictly construed.

　The obligation of a surety cannot be extended by implication or construction, his liability being fixed by contract strictly construed.

4. **Highways**　☞113(5)—Petition in county's action against surety of road engineers held not to state cause of action.

　Petition in action against county road engineers and their sureties, alleging employment of defendant engineers on commission basis, county's advancement of funds for preliminary work, discharge of defendant engineers, and their refusal to return the portion of funds unearned at the time of their discharge, obligation to do which was not included in their contract, *held* not to state cause of action against sureties.

5. **Municipal corporations**　☞58 — Legislative prescription of procedure impliedly excludes other methods.

　Prescription by the Legislature of a definite certain method of city or county procedure impliedly excludes all other methods.

6. **Counties**　☞47—Commissioners' court has no power, except that specially conferred.

　County commissioners' court has no power, except that specially conferred by Constitution or statute.

**7. Highways ⬥=93—Commissioners' court held without authority to employ firm of road engineers on commission basis.**

Under Loc. & Sp. Laws 36th Leg. (1919) c. 33, authorizing commissioners' court of Hill county to employ civil engineer at a salary to be fixed by that court to supervise highway construction and requiring him to take oath of office required of road superintendent, that court has no authority or power to employ a firm of engineers on a commission basis.

**8. Counties ⬥=124(2)—County may not ratify contract made beyond scope of its authority.**

Contract made by county beyond its authority is ultra vires, void, and cannot be ratified because a corporation cannot ratify a contract it had no power to make.

**9. Highways ⬥=113(4)—Petition in action to recover money advanced to road engineers held not to state cause of action.**

Petition, in action by county against firm of road engineers, alleging employment of defendants on commission basis, the advancement of funds for preliminary work in excess of defendants' earnings at the time of defendants' discharge, and refusal to return unearned portion of such advances, *held* not to state a cause of action, where the employment contract in the first instance was unauthorized, and the advances in fact constituted unauthorized loans by county.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Hill County against Bryant & Huffman and the American Surety Company of New York. From decree of dismissal, plaintiff appeals. Affirmed.

Morrow & Stollenwerck and Jno. Abney, all of Hillsboro, for appellant.

Wear, Wood & Wear, of Hillsboro, for appellees Bryant & Huffman.

Frazier & Averitte, of Hillsboro, and O. L. Stribling, of Waco, for other appellees.

BARCUS, J. The Legislature, in 1919, passed a law "creating a more efficient road system for Hill county." Said act provided for the voting of bonds by the county or any political subdivision thereof for the purpose of building permanent roads, and provides that—

if bonds shall be voted the money derived from the sale of the bonds, "after deducting fixed charges shall be expended only in the subdivision or defined district from which it is collected, for the maintenance of the permanent roads after their construction, and of such other roads and bridges as may be required by the public interest in such subdivision or district. * * *" After the bonds are voted, "the commissioners' court of said county before such construction is begun shall employ a road superintendent who shall be a graduate civil engineer, experienced and skilled in highway construction, and shall receive salary for his services during the time that he is employed by said commissioners' court in said construction, in a sum to be fixed by the commissioners'

court, payable out of the road and bridge fund or any bond fund of said county."

It further provides that the road superintendent, before entering upon the discharge of his duties, shall take the oath of office required by law and give a bond in the sum of $10,000, "conditioned that such county road superintendent will faithfully and efficiently discharge and perform all the duties required of him by law or by the commissioners' court of Hill county." It further provides that he shall make maps and profiles of all the roads in the county and prepare and file with the commissioners' court plans, specifications, and estimates for laying out and building all of the roads in the county.

[1] The said special law for Hill county supersedes the general road laws where they conflict with said special law, and the courts are required to take notice of the special law. Local & Special Laws 36th Leg. p. 105.

Appellant alleges that on July 19, 1919, it employed Bryant & Huffman, a firm composed of L. S. Bryant and T. E. Huffman, to do all engineering work on highways and road districts Nos. 1, 2, 3, 6, 7, 9, 10, and 11 in Hill county, and that under the terms of said contract Bryant & Huffman were to do all the engineering work in said districts, making the necessary surveys, reports, maps, and profiles, and were to receive for their services a commission of 5 per cent. of all amounts actually expended up to and including the date of their discharge, for labor and material actually used in constructing roads where federal or Thirty-First aid is given in the construction of such roads, and 4 per cent. for material and labor used in the construction of roads paid for exclusively with money received from the sale of bonds issued by said road districts, and that said commission should be the full compensation that said engineers should receive. Paragraph 17 of said contract reads as follows:

"It is further agreed that in view of the fact that it will require considerable outlay of money in the preliminary work on the part of said engineers before there can be earned by them any considerable sum under this contract on account of work constructed, and in order to aid them in meeting the expense incident to such preliminary work, the commissioners' court of Hill county hereby agree that so long as it shall be deemed advisable by them, and in no event longer than ten months from the 10th day of August, 1919, to allow said engineers to draw monthly a sum not to exceed $4,500 to meet such preliminary expenses. Such sums as (are) to be charged against the amount contracted to be paid such engineers as per the terms of this contract, to be prorated between the several road districts as said amounts may be advanced, and to be taken into account and liquidated as said engineers shall earn their compensation under this contract. It is further understood and agreed that the provisions of this agreement shall only be continued in force as the said commissioners' court

may deem it necessary to continue same in force."

Appellant alleged that under the terms of the contract it had a right to discharge the engineers at any time it saw fit, without giving any reason therefor; and in the event they were discharged the engineers should receive commissions only on the amount that had been actually expended on the roads; that on April 28, 1921, it did discharge said engineers, and that at said time appellant, under paragraph 17 above quoted, had paid to the engineers $13,702.40 more than they had earned under said contract. Appellant alleged that the appellee American Surety Company of New York had executed the bond as called for in said contract in the sum of $25,000, a copy of same being attached to the petition; the condition of the bond being:

"If the principal (Bryant & Huffman) shall faithfully perform all of the duties set out in said contract (between them and Hill County), copy of which is hereto attached, and other duties customarily and usually performed by a county superintendent of road construction or a county engineer in planning and supervising the construction of a road system and in accordance with plans and specifications that may be adopted by the commissioners' court of Hill county, then this obligation shall become void and of no effect. Otherwise to remain in full force and effect; and said principal and surety shall indemnify the obligees against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract; provided, however, and upon the express condition, the performance of which shall be a condition precedent to any right to recover thereon, first, that in the event of any default on the part of the principal, a written statement of the particulars and facts showing such default and the date thereof shall be delivered to the surety by registered mail at its office in the city of Austin, Texas, promptly, and in any event within ten days after the obligee shall learn of such default."

This suit was brought by appellant against Bryant & Huffman and against the American Surety Company to recover said $13,-702.40. There is no allegation contained in the petition that any road bonds had been at any time voted by Hill county or any of its road districts; or that the engineers, or either of them, ever took the oath of office as required by law for county engineers; or that any demand was made on the surety company before the suit was filed, or that any notice was given to the surety company that the engineers had in any way failed to comply with their contract; or that the engineers had received more than a reasonable compensation for the work they had done, or showing the amount of money that had been paid to said engineers under the contract.

Separate answers were filed by appellees Bryant & Huffman and the American Surety Company, consisting of a general demurrer,

some special exceptions, and special defenses. The trial court sustained the general demurrer of the appellees. Appellant declined to amend, and the cause was dismissed.

[2-4] We will first dispose of the question as to the American Surety Company. The bond which it gave was conditioned only for the faithful performance by the engineers of their contract. The contract does not require Bryant & Huffman to refund any excess money that might be paid to them for services rendered. It could not be said that the surety company in signing the bond would be charged with loss, if any, occasioned by the county overpaying the engineers for the work they performed or by reason of the county having loaned the engineers any money. The act of appellant in advancing money to the engineers was in effect loaning them money with which to carry on their operations preparatory to doing work for the county. The county has no right to lend its funds or credit. Article 3, § 52, of the state Constitution; City of Sweetwater v. Hamner (Tex. Civ. App.) 259 S. W. 191. The obligation of a surety cannot be extended by implication or construction; he has a right to stand on the terms of his obligation, and his liability must be found within the terms of that contract strictly construed. 21 R. C. L. p. 975. The American Surety Company is not liable on the bond in this case for the failure of the engineers to repay appellant any moneys that may have been advanced or loaned to them by appellant, and the court properly sustained the general demurrer as to the surety company.

With reference to the liability of the appellees Bryant & Huffman, the suit is not brought for moneys illegally had and received by said engineers. Appellant alleges:

"That under the terms of said contract, the said Bryant & Huffman were bound and obligated to account to the said Hill county, plaintiff, for such excess and to repay into the treasury of Hill county the amount of said excess, which payment they have failed and refused to make, and by reason of which are obligated to pay to said county the said sum of $13,702.40, together with interest thereon; * * * that when they were discharged on April 28, 1921, the total amount which they had received under said contract, and particularly under subdivision 17 thereof, exceeded the total amount earned by them and which they were entitled to retain under said contract up to and including the date of their said discharge, by the sum of $13,702.40, and by virtue of the premises and the terms of said contract they became liable and promised to pay to said Hill county the said excess above their said commission."

[5, 6] There is nothing in the contract that in any way obligated Bryant & Huffman to refund any of the money advanced to them at the termination of the contract. Bryant & Huffman under the contract were to, at

their own expense, do all the preliminary work in surveying and platting all the roads of Hill county and buy the necessary teams, tools, and apparatus, and employ all necessary 'help to be used by them in doing said work. In view of said facts, the contract provided the county would at its discretion each month loan or advance to Bryant & Huffman $4,500 for a period not exceeding ten months, but did not obligate itself so to do.. The appellant is standing alone upon its contract. It is a well-recognized principle of law that where the Legislature prescribes a definite, certain method of procedure for a city or county, all other methods are by implication of law excluded. Foster v. City of Waco (Tex. Sup.) 255 S. W. 1104. The commissioners' court of a county cannot change the compensation to be paid the treasurer of the county from a commission to a salary basis. Greer v. Hunt County (Tex. Com. App.) 249 S. W. 831. The commissioners' court has no power except that specially conferred by the Constitution or the statute law. Baldwin v. Travis County, 40 Tex. Civ. App. 149, 88 S. W. 480; Bland v. Orr. 90 Tex. 492, 39 S. W. 558; article 5, § 18, of the Constitution. The act of the Legislature in passing the special road law for Hill county provides specifically that after bonds are voted and before the work is started, the commissioners' court shall employ an engineer with certain qualifications, who shall take the oath of office and execute a bond for the faithful performance of his duties, and who shall be paid a salary to be fixed by the commissioners' court.

[7] Under the provisions of said law, the commissioners' court of Hill county had no authority or power to employ a firm as engineers on a commission basis. The same reason and the same rule that would prohibit a county from changing the treasurer's compensation from a commission to a salary basis would prohibit them changing a salary to a commission basis. The two methods of paying county officers are distinct and separate, and the Legislature in providing for the payment of a salary excluded the idea and the power of the commissioners' court to employ an engineer on a commission basis. The contract as drawn provides that on all work done with money obtained from the federal government the engineers should be paid a commission of 5 per cent. The statutes of this state provide that the money appropriated by the United States government shall be expended only by the state highway department. Article 6904½n, Vernon's 1918 Statutes Supplement. The special road law for Hill county provided that the road bond money shall be put in a separate fund and only paid out by the county treasurer upon warrants issued by the county clerk upon certified accounts of the road superintendent and approved by the commissioners' court.

[8] Under the contract made by Hill county with Bryant & Huffman, they were to do all the engineering work, furnish all supplies and material and surveying instruments, pay all salaries of assistants and all expenses in connection with making a complete survey of all the roads of Hill county and making the maps, drawings, and profiles thereof; it being contemplated by said contract that all of said work should be done by Bryant & Huffman before they would be able to earn any fees or commissions, and the contract provides that the commissions as earned shall be paid on the estimates as made by Bryant & Huffman, and their pay under the contract is to be governed and controlled by the amount of money that is spent under their directions. The more that was spent, the greater would be their commissions. The Legislature in its wisdom, in creating the road law for Hill county, provided that a civil engineer should be appointed as road superintendent, who should take the oath of office and execute a bond for the faithful performance of his duties, and made it his duty to make the surveys, maps, and drawings, and pass on the work as done by the contractors in building roads, and that the pay to the road builders should be based on the estimates as made by him as a sworn officer of the county. We do not think it could be said that the commissioners' court of Hill county, under said provisions, could appoint a firm as road engineers who, without taking any oath of office, should work on a commission and their fees be based on the amount of money that was spent under their directions. The commissioners' court of Hill county had no authority or power to advance money to Bryant & Huffman either as pay or as a loan, for doing the work that was contemplated and required to be done by a road superintendent working on a salary basis. Article 3, § 52, of State Constitution; City of Sweetwater v. Hamner (Tex. Civ. App.) 259 S. W. 191. Apparently, the entire contract made by the commissioners' court of Hill county with Bryant & Huffman was drawn and entered into without any regard for or reference to the provisions of the special law passed by the Legislature governing the building of roads in Hill county. The commissioners' court did not have any authority to pay Bryant & Huffman, or any other engineers, a 4 and 5 per cent. commission for doing the engineering work. Seward v. Falls County (Tex. Civ. App.) 246 S. W. 728. A contract made by the county which is beyond its scope of authority is ultra vires and void and cannot be ratified, because a corporation cannot ratify a contract which it had no power to make. Central Transp. Co. v. Pullman Co., 139 U. S. 24, 11 Sup. Ct. 478, 35 L. Ed. 55.

[9] Under the allegations of appellant's petition, we do not think a cause of action is stated against any of the appellees. This is not a suit to recover money illegally re-

ceived by Bryant & Huffman, or to recover money that was paid them by mistake or that was loaned them by the county. These issues are not in any way before us and are not determined by this opinion.

We have carefully examined all of the assignments of error, and same are overruled, and the judgment of the trial court is affirmed.