**HILL et al. v. STERRETT et al.**

No. 14545.

Court of Civil Appeals of Texas. Dallas.

Oct. 3, 1952.

Rehearing Denied Oct. 31, 1952.

McKnight & McKnight, Dallas, for appellants.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Douglas E. Bergman, Henry Wade, Dist. Atty., of Dallas County, Julien C. Hyer and J. J. Fagan, Assts. Dist. Atty., all of Dallas, for appellees.

YOUNG, Justice.

This suit is in nature of an injunction brought by appellant taxpaying citizens of Dallas County residing within Road District No. 1 to restrain the Commissioners' Court as the governing body of said County and District from carrying out the terms of a contract made with Engineers Koch & Fowler, and from expending funds of the District for services to be rendered by that firm in connection with a $22,500,000 road bond issue; charging invalidity of the contract in that same constituted a usurpation of the office of County Road Engineer relative to construction and maintenance of county roads as expressly defined and provided by the 1941 Dallas County Road Law, Acts 47th Legislature, c. 458. Dallas County by separate pleading sought a declaratory judgment upon all phases of said Law, claiming unconstitutionality in whole and in part. On trial to the court injunctive relief was denied, with further refusal to entertain declaratory judgment proceedings as prayed by Dallas County; the decree reciting absence of any "justiciable controversy."

Matters leading up to the present controversy in general background are these: Road District No. 1 has long been a legally organized subdivision of Dallas County, embracing the greater part thereof, and governed by the duly elected and acting Commissioners and Judge of said County. In December 1949, the Commissioners' Court ordered an election to be held in Road District No. 1 (under provisions of Acts 39th Leg., 1926, c. 16, Vernon's Ann. Civ.St. art. 752a et seq.) to determine whether or not Thirty-year bonds bearing interest not to exceed 3½ per cent per annum should be issued in amount of $22,500,000 for purpose of construction, maintenance, and operation of macadamized, graveled, and paved roads within the District; the order enumerating 45 separate projects in roads, bridges, and other improvements of the above estimated cost, but not in terms stating whether the engineering duties incident thereto were to be performed by the County Engineer or outside engineers by way of contract. The election was duly held and issuance of bonds approved by more than a two-thirds vote. On February 11, 1950 the Commissioners' Court in special session entered an order hiring the firm of Koch & Fowler, composed of Oscar H. Koch and James E. Fowler, as consulting engineers on the projects enumerated in the call for said bond election; at the same time authorizing the County Judge to consummate their employment in writing,—Commissioner

Denver Seale of Precinct No. 4 dissenting

The ensuing contract (here in controversy) engaged the professional services of Messrs. Koch and Fowler on a basis of 5 percent of the first Ten Million Dollars contract cost of construction, and 4½ percent on balance of all project costs. These services included necessary conferences, preparation of preliminary studies, work drawings, tracings and field notes, surveys, specifications, drafting of forms of proposals and contracts, issuance of certificates of payment, and general administration and supervision of the work; requiring approval by the Commissioners' Court of all completed plans and specifications. The contract further recited that the supervision of Koch & Fowler, Engineers, was "to be distinguished from the continuous general superintendence to be obtained from the employment of resident engineers and inspectors, who will be maintained on the ground at all times necessary"; the contract engineer (Koch & Fowler) agreeing to employ such "resident engineers and inspectors," their salaries "to be paid by the County in addition to the fees herein provided for payment to the Engineer, * * *," and to be "acceptable to and approved by the Commissioners' Court of Dallas County." Other contract details are deemed unnecessary except as relating to paragraph 9 which stated in substance that the County Engineer having already drawn plans and specifications relative to some of the listed projects, which were ready for bids, said contract engineers were not to receive fees in connection therewith unless their services should be requested, in which event a fee of 2 percent was to be allowed; section 10 providing that all recommendations of engineers with reference to road construction should be subject to Court approval.

The Dallas County Road Law of 1941 is a special Act of the 47th Legislature, amended 51st Leg. Regular Session 1949, cc. 178, 311, and 52nd Leg. Regular Session 1951, c. 328. It appears to be cumulative of General Laws on the subjects treated, repealing all laws in conflict therewith, and is too lengthy for inclusion here or for analysis other than necessary to this opinion. Under Section 4, the Commissioners' Court of Dallas County is empowered to appoint a County Engineer of skill and ability who shall hold office for a period of two years from date of his selection, removable at the pleasure of the Court. His salary is to be fixed by the Court, payable out of road and bridge funds, and before entering upon discharge of duties he shall take oath of office and give good and sufficient bond with surety in sum of $5,000, conditioned upon faithful and efficient performance of all duties required of him by law and by orders of the Commissioners' Court. Extensive provisions then follow concerning the duties of such County Engineer; for example, custody and control of all machinery, equipment, material and property purchased out of road and bridge funds; supervision of maintenance, repairs, and construction work on all County roads, inclusive of opening and laying out; authority to use any equipment and property belonging to the road and bridge fund, and supervision of employees who are paid out of said fund. Other detailed activities were enjoined upon said County Engineer, such as inventory of road and bridge property at stated times; keeping time record of employees, allocating expense thereof to each project; his employment, however, to be at all times "under the supervision and control of said Court."

The trial court's findings of fact comprehended, in substance, the matters hereinabove stated, and further that at all pertinent dates there had been appointed for Dallas County a duly qualified and acting County Engineer with salary payable out of road and bridge funds; that Koch & Fowler on commencement of the instant contract, had taken no oath of office, given no bond, with no salary basis, their services payable wholly out of percentages based upon cost of construction; further that at time of hiring of Koch & Fowler and date of contract the staff of the Dallas County Engineer was inadequate to do and perform all the engineering work required by said $22,500,000 bond issue; also that the engineering services covered by the Koch & Fowler contract were "necessarily incident" to the construction of roads un-

der the particular bond issue and outlined program of projects. The trial court concluded as a matter of law that "The Dallas County Road Law of 1941 did not exhaust the powers of the Commissioners' Court acting as the governing body of Road District No. 1 of Dallas County, Texas, to employ engineers in connection with road improvements to be done and performed under the bond issue of said road district, and that the matter of employing Koch & Fowler was a discretionary matter for the determination of the Commissioners' Court acting as the governing body of Road District No. 1." On the trial, County Engineer Gragg testified that he had no direct supervision of the work being performed by Koch & Fowler under their Road District contract; that from time to time he had made report to the Commissioners' Court on progress of construction, the latter body acting on his recommendations as they saw fit; and that to assume and complete the engineering work presently undertaken by Koch & Fowler, he would require an adequate budget, the necessary time, and cooperation of the Court. James E. Fowler, appellee, testified that the county engineering department would be required to build up a large organization for handling the extensive construction now under way; his firm having had to increase its personnel from 18 to 60, 35 of whom were engineers.

The major contention of appellants, generally stated, is that the duties laid upon the County Engineer by the Dallas County Road Law and those assumed by Koch & Fowler related to identical engineering acts; the Koch & Fowler contract constituting a usurpation of the duties and authority already imposed upon such statutory engineer, and hence ultra vires and void. As relevant to above proposition, the following conclusions of law appear to be well settled: (1) Contractual authority of the Commissioners' Court is strictly limited to that conferred by our State Constitution and Statutes, either expressly or by necessary implication. 11 T. J., p. 632; Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011. (2) "A road district is but a subdivision of the county, created for the purpose of taxation within the district for county purposes, that is, the construction of roads. The affairs of the district are almost exclusively conducted by the commissioners' court, and for all practical purposes it is a branch or subdivision of the county within its territorial limits." Denton County v. Sauls, Tex.Civ. App., 265 S.W. 1091, 1093. (3) When the Legislature "has expressly provided that the commissioners courts may employ persons to superintend or supervise the county road system and has placed certain conditions and restrictions on the exercise of this power, these conditions and restrictions must be observed if the authority is to be exercised." Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 457. (4) That when the law imposes upon an officer the performance of acts as part of his official duties, the Commissioners' Court of the County is without authority to contract with any other person to perform such services. Stringer v. Franklin County, 58 Tex.Civ. App. 343, 123 S.W. 1168. (5) Article 3, Sec. 56, State Constitution, Vernon's Ann. St., prohibits the passage of any *local or special* law (a) regulating the affairs of a county, (b) authorizing the laying out, opening, altering, or maintaining roads, highways, streets, or alleys; and (c) in all other cases where a general law can be made applicable, no special or local law shall be enacted. These provisions were qualified by later constitutional amendment of 1906, art. 8, sec. 9, authorizing passage of "local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws." Tinner v. Crow, 124 Tex. 368, 78 S.W.2d 588, 589; Austin Bros. v. Patton, Tex.Com.App., 288 S.W. 182. (6) That in consequence the Dallas County Road Law falls within the category of an unadvertised local and special law; City of Fort Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470, 41 S.W.2d 228; Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467; Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084; and valid only as a road maintenance law, perforce of the limitations of aforesaid Art. 8, sec. 9, State Constitution. (7) That sec. 4 of said Road Law, though purport-

ing to create the office of County Engineer, invested the incumbent thereof with no discretionary or sovereign powers; the sum of his duties being under control and supervision of the Commissioners' Court; the section on the whole creating an administrative position and its occupant an employee of the county road department. See Dunbar v. Brazoria County Tex.Civ.App., 224 S.W.2d 738, writ ref., where Art. 6716-1, V.A.C.S., involving the office of County Engineer, was given a similar construction. Notwithstanding the contrary argument of appellants, we conclude that the contract under attack does not infringe upon, but on the other hand is consistent with, the foregoing principles of law. Appellants concede that under this 1941 Law the County Engineer is merely an employee with no governmental functions, insisting, however, that the statutory duties thus conferred upon him preclude the court from contracting otherwise for such services. We do not so construe the Road Law in material aspect. In the first place, the statutory outline of duties referable to "county engineer" in Section 4 is not controlling; he being delegated no sovereign powers of government, with employment entirely under supervision of the Commissioners' Court and undoubtedly an employee as we have already seen. The question here, in short, is one not primarily of language but rather of statutory powers and duties. McKinley v. Clarke County, 228 Iowa 1185, 293 N.W. 449. Secondly, Section 4 is not mandatory in effect, nor does it contain negative words importing a prohibition of any other mode of procedure than that prescribed, as do the special laws dealt with in appellants' leading cases.[1]

Third: It is further well settled that the Commissioners' Court may employ persons to assist even an officer in the performance of statutory duties; Terrell v. Greene, 88 Tex. 539, 31 S.W. 631; or to perform services which do not involve the exercise of any governmental function; Stringer v. Franklin County, supra. With the County Engineer concededly not an officer under the terms of the 1941 Road Law, express authority for the outside employment in question may be found in the county's power thereunder to employ "all persons necessary to perform all the provisions of this Act", Sec. 4; Sec. 1, moreover, investing the Commissioners' Court with full power and authority to adopt such rules, regulations, plans, and system as may be deemed necessary relative to construction and maintenance of Dallas County roads. The Commissioners' Court possesses a broad discretion in the accomplishment of a constitutional objective; Rowan v. Pickett, Tex.Civ.App., 237 S.W.2d 734; Anderson v. Wood, supra; Galveston County v. Gresham, Tex.Civ.App., 220 S.W. 560, writ ref.; for instance, maintenance of public roads.

The Dallas County Road Law embodies lengthy legislation on many subjects; such as attendance of Commissioners at court and their salaries; appointment of Standing Committees; employment of legal counsel; duties of County Auditor and County Treasurer; rules for competitive bidding; repeal of overseer and road tax laws and setting up rules for county finances by channeling funds; control of convict labor; detailed provision for bond elections; section 4 covering the subject of county engineer; providing finally that if any part of the Law be declared unconstitutional, the remaining portions shall nevertheless constitute a valid enactment. Appellee Dallas County, in a

---

1. These are Seward v. Falls County, Tex. Civ.App., 246 S.W. 728, and Hill County v. Bryant & Huffman, Tex.Civ.App., 264 S.W. 520, 523. In the former, the special law under review was held to be mandatory; carrying restrictions which the Commissioners' Court could not legally disregard. In the Hill County appeal, reversed, Supreme Court, on other grounds, 118 Tex. 359, 16 S.W.2d 513, no attempt was made to comply with a local law requiring appointment of road superintendent; the expenditure of funds there being contingent upon estimates "as made by him as a sworn officer of the county." The proceedings in both cases were clearly violative of the rule as restated in Canales v. Laughlin, supra. Here, on the other hand, the bond issue was pursuant to another and earlier general Act of the Legislature (39th); and Dallas County has had at all times a duly appointed and acting engineer in keeping with the Road Law of 1941.

brief indicative of thorough study and analysis, argues the unconstitutionality in whole and in part of legislation clearly outside the scope of Art. 8, sec. 9, Const., authorizing the passage of unadvertised local laws having to do with maintenance of public roads and highways. Only section 4 is here involved and anything we might say on other of its many subdivisions would obviously be dicta, lacking force as an adjudication, and of no precedential value. Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E, 1. Advisory judgments are not authorized even under Art. 2524–1, Declaratory Judgments; American Federation of Labor v. Mann, Tex.Civ.App., 188 S.W.2d 276; Southern Traffic Bureau v. Thompson, Tex.Civ.App., 232 S.W.2d 742; and the cited case of Oakley v. Kent, Tex.Civ. App., 181 S.W.2d 919, is readily distinguishable. There the Legislature sought to create the office of Deputy Assessor and Collector of Taxes and the office of Purchasing Agent by what was determined to be a local and special law, prohibited by Art. 3, sec. 56, State Const., and the construction of such enactment was held proper by way of declaratory judgment. We might say, however, in this connection, that validity of this 1941 legislation is invariably dependent upon relationship of the particular section to road maintenance.[2] "The authority conferred by section 9, art. 8, of the Constitution, supra, is not 'to enact special road laws' of all kinds, for all purposes indiscriminately, but is authority merely to pass local laws for the maintenance of the public roads and highways." Austin Bros. v. Patton, Tex.Com.App., 288 S.W. 182, 187. A local road law, to come within the protection of Art. 8, sec. 9, must be limited to the maintenance of public roads and highways. Jameson v. Smith, Tex.Civ.

App., 161 S.W.2d 520; Tinner v. Crow, supra. And for further construction of sec. 4, we regard the same as merely cumulative of the authority already vested in the Commissioners' Court by law, Const. Art. 5, sec. 18; Art. 2351, Vernon's Revised Civil Statutes, for hiring of employees relative to county business; its appointed engineer thereunder having only such discretionary powers and authority as the Commissioners' Court may see fit to confer upon him, no more, no less. Otherwise stated, in our opinion the Dallas County Road Law invests the designated engineer with no powers independently of court direction and control.

■ Throughout appellants' brief, original and reply, is the suggestion of exorbitance of the contract in question with its "fee-plus-salaries of resident engineers arrangement" as opposed to the economy coincident with identical services performable upon demand by an already salaried county engineer, and properly augmented staff. Relevant thereto is Broussard v. Wilson, Tex.Civ.App., 183 S.W. 814, 819, where under comparable facts it was observed that, "Whether or not said contract was an improvident contract, disadvantageous to the county and advantageous to Hanson Sons, Incorporated, in the absence of proof of actual fraud, is not a question for this court to determine. The Legislature has seen proper to confer upon the commissioners' court the power and authority to make contracts for the repairing and construction of roads within its county, and, so long as said courts make contracts within the restrictions of the Constitution and under the authority of law, it is not for the courts to substitute their judgment for that of the commissioners' court as to the wisdom of such contracts."

2. Such was the holding of the Attorney General of Texas in Opinion No. V–1315, October 12, 1951, on request of Honorable Henry Wade, Dallas County District Attorney; pronouncing unconstitutional the following subdivisions of this Law: Secs. 2, 3; that part of sec. 4 authorizing traveling expenses for certain county officials; and secs. 5, 10, 11, 12, 19, and 20. This departmental ruling

concluded that, "The valid portions of the Dallas County Road Law, standing alone, form a complete and enforceable piece of legislation, and the general legislative purpose of providing 'a more efficient road system for Dallas County' may be effected after the unconstitutional provisions have been severed from the act."

Appellants' remaining points have been carefully studied, but are such as may be overruled without further discussion.

Judgment of the trial court must be affirmed.