

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 10, 1957

Honorable Earl Rudder
Commissioner
General Land Office
Austin, Texas

Opinion No. WW-156

Re: Whether or not the Commissioners Courts of the various counties are authorized to pay compensation to Committee Members acting under the provisions of Sec. 15, Art. 5421m, Vernon's Civil Statutes.

Dear Mr. Rudder:

In your letter of May 22, 1957, you have requested an official opinion of this department, relative to the following question: Whether or not the Commissioners Courts of the various counties are authorized to pay compensation to Committee Members acting under the provisions of Sec. 15, Art. 5421m, Vernon's Civil Statutes?

The Texas courts have consistently held that the Commissioners Court is a court of limited jurisdiction and can only exercise such powers as are authorized by the Constitution and statutes of this State, either by express terms or by necessary implication. Section 18, Article V, Tex. Const.; Bland v. Orr, 90 Tex. 492, 39 S.W. 558 (1887); Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1925); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453 (1948), no writ history; Hill v. Sterrett, 252 S.W.2d 766, 769 (Tex.Civ.App. 1952, error ref. n.r.e.).

Article 5421m, Vernon's Civil Statutes, reads in part as follows:

"There shall be appointed by the Commissioners Court of each county in this State a committee to be composed of three (3) residents of that county, all of whom shall be real property owners in said county. Any person deeming himself a veteran as defined herewith, and desiring to benefit hereunder, shall submit to such committee such forms as may be prescribed by the Board, and before he submits his application of purchase and sales contract to the Board, which the committee will consider and then submit a report to the Board concerning the financial

responsibility of the veteran, if such is known, a statement as to whether or not in their opinion the transaction is a bona fide, and a statement from them as to what they consider is the reasonable value of the land in question. . . ."

Neither Section 15 of Article 5421m, Vernon's Civil Statutes, nor any other statutory or constitutional provision, contains any authorization, either expressly or by necessary implication, for the Commissioners Courts of the various counties to pay compensation to committee members acting under this statute.

We are, therefore, of the opinion that the Commissioners Courts of the various counties are not authorized to pay compensation to committee members acting under the provision of Section 15, Article 5421m, Vernon's Civil Statutes.

## SUMMARY

The Commissioners Court is a court of limited jurisdiction and is not authorized by the Constitution or statutes of this State, either expressly or by necessary implication, to pay compensation to committee members acting under the provisions of Section 15, Article 5421m, Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By B. H. Timmins
B. H. Timmins, Jr.
Assistant

BHT:wam:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
J. W. Wheeler
Byron Fullerton
Richard Wells

REVIEWED FOR THE ATTORNEY GENERAL
BY
Geo. P. Blackburn