

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 23, 1962

Honorable W. G. Walley, Jr.                    Opinion No. WW-1284
Acting Criminal District Attorney
Courthouse                                     Re:  Whether the
Beaumont, Texas                                     Commissioner's
                                                    Court of Jefferson
                                                    County has the author-
                                                    ity to retain legal
                                                    counsel to defend
                                                    certain members of a
                                                    Grand Jury in cases
                                                    brought against them
Dear Mr. Walley:                                    under the stated facts.

        Your letter requesting an opinion reads in part
as follows:

        "On or about the 1st day of October, 1961,
    the Criminal District Court of Jefferson
    County and the 136th Judicial District Court
    each empaneled a Grand Jury for Jefferson
    County, Texas.  These Grand Juries served
    until the 5th day of December, 1961, when at
    such time the Judges of the above-mentioned
    Courts discharged each Grand Jury subject to
    recall by written orders duly filed with the
    District Clerk of Jefferson County in accord-
    ance with Article 372, C.C.P.  Each Grand
    Jury was notified of such action in open
    court and was thereby formally discharged by
    the Court subject to recall.  The Criminal
    District Court Grand Jury at such session,
    made it known to the Judge of said Court
    that they had two indictments and a report
    which they desired to return before being
    discharged.  The Judge of the Criminal District
    Court then and there refused to accept said
    report and indictments and discharged the
    Grand Jury subject to recall.  Eleven members
    of this Grand Jury then proceeded back to
    the Grand Jury room and subsequently released
    a statement to the press.

        "A short time after the release of this
    statement, eleven members of this Grand Jury
    were sued for libel and indicted by the 136th

District Court Grand Jury for divulging
grand jury proceedings predicated upon
this released statement.

"The Criminal District Court Grand
Jury has now requested the Commissioners'
Court of Jefferson County to employ
legal counsel in defense of the above
suit and indictments.

"We now request an opinion of your
office on whether or not the Commissioners'
Court has authority to retain legal counsel
to defend members of a Grand Jury in suits
brought against them under the above alleged
facts."

A Commissioners' Court is a court of limited juris-
diction and has only such powers as are conferred upon
it by the Constitution and laws of this State by express
terms or necessary implication. Hill v. Sterrett, 252
SW2d 766 (Civ. App. 1952, error ref. n.r.e.); Canales
v. Laughlin, 147 Tex. 169, 214 SW2d 451 (1948); Childress
County v. State, 127 Tex. 343, 92 SW2d 1011 (1936); Roper
v. Hall, 280 SW 289 (Civ. App. 1925).

It has been repeatedly held by this office that
the Commissioners' Court has the power and authority to
employ attorneys in the prosecution of its claims and
suits and pay for such services out of the General Fund
of the county where the county, as a whole, is interested
in and affected by such proceedings. Attorney General's
Opinions V-995 (1950); V-232 (1947); O-4955 (1942); and
WW-662.

In Attorney General's Opinion V-232 (1947), this
office held that a County Commissioner was not entitled
to reimbursement from the county for his attorney's fees
in defending a suit against him and his bonding company
for damages arising from the Commissioner's negligence in
failing to repair a county bridge. At first the county
was not named as a party to such suit. Later the county
was named as defendant and the Commissioners' Court employed
the County Attorney in defending the suit against the county.
The Commissioners' Court was held to be authorized to employ
and pay the attorney for his services in defending the county
after the county was made a party to the suit, the reason
being that the county as a whole then became interested in
and affected by the suit.

In a well reasoned Attorney General's Opinion O-4955, citing the City National Bank of Austin v. Presidio, case, 26 SW 775 (1894), it was held that the Commissioners' Court could hire an attorney to represent the Commissioners' Court as proceedings were instituted which affected their official acts and the county, as a whole, was interested in and affected by such proceedings. An individual employee of the county was not entitled to counsel as he was sued in his individual capacity, and such suit didn't interfere with his official acts.

In the present case neither Jefferson County nor the Commissioners' Court of that county were ever named as defendants. The design and effect of the suit against the Grand Jury members is not to obstruct or control the performance of their official acts, but to recover damages for alleged acts contrary to the legal performance of their duties. In view of the foregoing, it cannot be said that the county as a whole was interested or affected by such a suit. Hence, in our opinion the Commissioners' Court is not authorized to appoint an attorney for members of the Grand Jury in defending such suit.

### S U M M A R Y

The Commissioners' Court of Jefferson County is not authorized to hire an attorney to defend the Grand Jury members since the county as a whole is not interested or affected.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Irwin R. Salmanson
Assistant Attorney General

IRS:bjh

APPROVED:

**OPINION COMMITTEE**
W. V. Geppert, Chairman
John.Reeves
Arthur Sandlin
Henry Braswell
Virgil Pulliam

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Houghton Brownlee, Jr.