# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS
**ATTORNEY GENERAL**

March 12, 1962

Honorable James S. Grisham
Criminal District Attorney
Canton, Texas

Opinion No. WW-1273

Re: Whether a county can law-
fully convey the minerals
to its grantor on lands
acquired for State Highway
purposes on grounds of a
mutual mistake in acquir-
ing a fee simple title
instead of an easement.

Dear Mr. Grisham:

Recently our office received an opinion request from
you consisting of the letter comprising your request and a
letter attached thereto, addressed to you and written by County
Judge Truett Mayo. Judge Mayo's letter reads in part:

". . . Some thirty years past the
State and County secured right of way
for a State Highway and in so doing the
right of way deeds were taken in the
name of the County. . . . "

Your opinion request then asks the following question:

"Where the County, in obtaining
right-of-way easements, does so by ac-
quiring complete fee title by warranty
deed, which, of course, includes the
mineral rights, whereas it was only
necessary and the county only intended
to acquire easement over the surface
rights for the construction and main-
tenance of roads and the inclusion of
the mineral rights was a mutual mistake
between the parties:

"Under these conditions, may the
county legally reconvey the mineral
rights to the former ownership of the
land?"

Land acquired by a county in the name of the county
for the construction of State highways, is State property

irrespective of the fact that the deed is made out in the name of the acquiring county. The Supreme Court of Texas in Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915 (1925) reiterated in its opinion this law relating to the ownership of public roads and the control and authority thereover. On page 918, column 1, the Supreme Court said:

> ". . . But are public roads within the borders of a county its property, and is its title and control its own and inherent in it?

> "In their very nature and as exercised by the general sovereignty they belong to the state. From the beginning in our state the public roads have belonged to the state, and not to the counties. This is clearly reflected in the Constitution and early decisions of this court.

> " . . . .

> "Public roads are state property over which the state has full control and authority." (Emphasis added.)

Likewise, the authority to dispose of State lands, including State highway lands, resides exclusively in the Legislature of the State. 38 Tex.Jur. 633, State of Texas, § 34; 34 Tex.Jur. 46, Public Lands, § 25.

A search of the Texas statutes fails to reveal the enactment of any statute by the Texas Legislature that would delegate the legislative right to dispose of public land and interests in existing State highways to the County Commissioners Court or any other officers of the county.

In 34 Tex.Jur. 440, Public Officers, § 67, it is said:

> "Public officers and governmental and administrative boards possess only such powers as are expressly conferred upon them by law or are necessarily implied from the powers so conferred.
> . . ."

State v. Cage, 176 S.W. 928 (Civ.App., error ref.);
Callaghan v. McGown, 90 S.W. 319 (Civ.App., error ref.); Eastin
v. Ferguson, 4 Tex. 643, 23 S.W. 918; Harlingen Ind. School
Dist. v. C. H. Page & Bro., 48 S.W.2d 983 (Com.App.); State
Line Consol. School Dist. No. 6 v. Farwell Ind. School Dist.,
48 S.W.2d 616 (Com.App.); Mesquite Ind. School Dist. v. Gross,
67 S.W.2d 242 (Civ.App.) Miller v. Brown, 216 S.W. 452 (Civ.
App., error ref.); Von Rosenberg v. Lovett, 173 S.W. 508 (Civ.
App., error ref.); Royse Ind. School Dist. v. Reinhardt, 159
S.W. 1010 (Civ.App.); Childress County v. State, 127 Tex. 343,
92 S.W.2d 1011; Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d
451; Hill v. Sterrett, 252 S.W.2d 766 (Civ.App., n.r.e.).

Since State highways are State property over which the State has full control and authority irrespective of whether or not the right of way was acquired in the name of the county or the State, and since the Legislature has enacted no statute authorizing the conveyances of any interest in an existing State highway by a County Commissioners Court or any county officers, neither the County Commissioners Court of Van Zandt County nor any other county officials can convey the mineral rights of any State highway to the original owners of the land, which land now comprises a part of such highway. Therefore, we answer your question in the negative, the county cannot legally reconvey the mineral rights to the former owner of such lands.

There does exist, however, a method by which land not needed for highway purposes and which interest in land was not intended to be included in the acquiring deed but was included by error may be returned to the grantor. The method to be employed is set out in Article 6673a, V.C.S. Said Article provides in such circumstances that the Governor of this State, upon a recommendation from the State Highway Commission that he do so, may execute and deliver such correction deed as is deemed necessary to rectify and resolve such error.

## SUMMARY

The county cannot convey to its original grantors the mineral estate in land to which it has acquired the complete fee simple title by general warranty deed for State highway purposes because of a mutual mistake between the parties in not excluding the mineral estate from the transaction.

Honorable James S. Grisham, page 4 (WW-1273)

However, Article 6673a, V.C.S., provides that when an interest in land acquired for State highway purposes was not intended to be included in the acquiring deed but was included by error, the Governor of this State, upon recommendation of the State Highway Commission, may execute and deliver such correction deed as is deemed necessary to rectify and resolve the error.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Milton Richardson
Milton Richardson
Assistant

MR:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Thomas Burrus
Jack Goodman
Leon Pesek
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee, Jr.