

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 31, 1964

Honorable Richard E. Rudeloff          Opinion No. C-233
County Attorney
Bee County                             Re:  Whether the Commissioners
Beeville, Texas                             Court of Bee County, Texas
                                            is required to appoint a
                                            board of managers for a
                                            county hospital in Bee
                                            County, constructed under
                                            the authority of Article
                                            4478, V.C.S., under the
                                            stated facts and related
Dear Mr. Rudeloff:                          questions.

        In your letter requesting an opinion from this office,
you submit certain facts which we quote as follows:

        "Bee County, which has a 1960 Federal
    census of 23,755, has constructed a county
    hospital at Beeville under authority given
    by Article 4478, V.A.T.S.  The hospital, its
    operation and management, was leased by the
    Commissioners Court of Bee County to the
    Seventh Day Adventists, as lessee, under
    authority given by Article 4494L, V.A.T.S.
    The lease contract in question gives com-
    plete management of the hospital to such
    lessee, and all phases of the operation
    are specified in such contract.

        "Article 4479, V.A.T.S., states, in
    part, that '. . .it (the Commissioners Court)
    shall appoint six (6) resident property tax-
    paying citizens of the county who shall consti-
    tute a board of managers of said hospital.'

        "The Commissioners Court of Bee County
    has not appointed such board of managers and
    is of the opinion that such board is not

-1129-

necessary nor desirable and, therefore, does
not wish to appoint such board if not required
by law."

With regard to these facts you ask the following
questions which we quote as follows:

"I.   Is the Commissioners Court of Bee
County, Texas required to appoint a board of
managers for a county hospital in Bee County,
constructed under authority given by Article
4478, V.A.T.S., which hospital has been
leased by the county to a lessee under con-
tract approved and accepted under provisions
of Article 4494L, V.A.T.S.?

"II.   Must a hospital built under pro-
visions of Article 4478, V.A.T.S., be covered
by fire and extended coverage insurance, and,
if so, may the insurance carrier be either
a stock company, a legal reserve company, or
a mutual company?"

We will answer your questions in the order in which
they are submitted.

Article 4479, Vernon's Civil Statutes, provides
in part as follows:

"When the commissioners' court shall have
acquired a site for such hospital and shall
have awarded contracts for the necessary build-
ings and improvements thereon it shall appoint
six resident property taxpaying citizens of
the county who shall constitute a board of
managers of said hospital.   . . ."

Article 4494L, Vernon's Civil Statutes, provides in
part as follows:

"Section 1.   Any county in this State
having a county hospital which is operated
by said county, may, and such county is hereby
authorized to lease such hospital, provided
the Commissioners Court of said county shall
find and determine by an order entered in the
minutes of said Court that it is to the best
interest of said county to lease such hospital.

The proposed lease of such county hospital shall
not be completed until the Commissioners Court
of such county shall have complied with the
provisions of this Act.

"...

"Sec. 4. ....Such Court /Commissioners
Court/ shall thereupon be fully authorized and
empowered to lease such county hospital to be
operated as a hospital by the lessee of same
under such terms and conditions as may be satis-
factory to the Commissioners Court and the
lessee. . . ."

The requirement of Article 4479, Vernon's Civil
Statutes, that the Commissioners Court appoint a board of
managers for the county hospital created by the authority
of Article 4478, Vernon's Civil Statutes, is mandatory as
long as the hospital is operated by the county. However,
since the Commissioners Court of Bee County by the authority
of Article 4494L, Vernon's Civil Statutes, has relinquished
the management and operation of the hospital to a lessee under
the terms of a lease agreement, it is our opinion that neither
the provisions of Article 4494L nor the provisions of the lease
agreement imposes any duty upon the Commissioners Court of Bee
County to appoint a board of managers for the county hospital
during the lease period.

The contractual authority of a Commissioners Court
is strictly limited to that conferred by the Constitution and
statutes, either expressly or by necessary implication. Hill
v. Sterrett, 252 S.W.2d 766 (Tex.Civ.App., 1952, error ref.,
n.r.e.). It is our opinion that the authority expressed in
Article 4478, Vernon's Civil Statutes, for the Commissioners
Court of any county to establish a county hospital includes
the implied authority to purchase adequate insurance for the
protection of the county's investment in hospital facilities.
Therefore, it is our opinion that the purchase of the type of
insurance in question would be authorized under the authority
of Article 4478, Vernon's Civil Statutes, by necessary impli-
cation. However, the authority to purchase such insurance
does not include the authority to purchase public liability
insurance. Attorney General's Opinion WW-112 (1957).

Also the purchase of insurance coverage from a
mutual insurance company would not be authorized inasmuch as
such purchase would involve the county taking membership in
or becoming a stockholder in such corporation, association or

company in violation of Article III, Section 52 of the Texas Constitution. Lewis v. Independent School District of the City of Austin, 139 Tex. 83, 161 S.W.2d 450 (1942), Attorney General's Opinions Nos. 0-924 (1939), WW-986 (1961) and WW-1101 (1961). Therefore, we are of the opinion that the insurance coverage as contemplated here must be purchased by the county from either a stock insurance company or a legal reserve insurance company.

### S U M M A R Y

The Commissioners Court of Bee County is not required to appoint a board of managers for a county hospital constructed under the authority of Article 4478, Vernon's Civil Statutes, such hospital being presently leased under the authority of Article 4494L, Vernon's Civil Statutes. The Commissioners Court of Bee County has the authority to purchase fire and extended coverage insurance for the hospital, constructed under the authority of Article 4478, Vernon's Civil Statutes. However, the Commissioners Court is prohibited by the provisions of Article III, Section 52 of the Texas Constitution from purchasing such insurance from a mutual insurance company.

Very truly yours,

WAGGONER CARR
Attorney General

By: *[signature]*

I. Raymond Williams, Jr.
Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Paul Phy
Malcolm Quick
Gordon Appleman
James Strock

APPROVED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays