

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 28, 1970

Honorable J. R. Singleton      Opinion No. M-675
Executive Director
Texas Parks and Wildlife Dept.
John H. Reagan Building      Re:   Are the Game Management
Austin, Texas    78701              Officers of the Texas
                                    Parks and Wildlife Depart-
                                    ment authorized under Ar-
                                    ticle 1722a, Vernon's Penal
                                    Code, to enforce a certain
                                    Resolution of a County Com-
Dear Mr. Singleton:                 missioners Court?

        You have inquired whether game wardens in your depart-
ment are authorized to enforce a Red River County Commissioners
Court resolution purportedly enacted under the provisions of
the Texas Water Safety Act, Article 1722a, V.P.C.  The resolu-
tion makes unlawful the possession of rifles or pistols on,
over or within five hundred (500) feet of "Langford Lake"
near Clarksville, Texas.[1]

---

        [1]  "It shall be unlawful for any person to possess
        for the purpose of shooting, any rifle or pistol
        of any kind or character on or over the waters
        of. . .'Langford Lake'. . .in Red River County, and
        the possession by any person of a rifle or pistol
        within a distance of five hundred (500) feet from
        the water of said lake shall be prima facie evidence
        of a violation . . .

            " . . .

        "This Regulation is enacted under the provisions
        of Section 19b of the Texas Water Safety Act, V.P.C.
        1722a, and all provisions of this Section are intend-
        ed to be consistent with said Texas Water Safety Act."

Undoubtedly, the Legislature may validly bestow such Legislative authority as it sees fit upon the respective county Commissioners Courts. cf. Tex.Const., Art. V, Sec. 18; Canales vs. Laughlin, 147 Tex. 169, 214 SW2d 451 (1948). Section 19(b) of the Texas Water Safety Act authorizes Commissioners Courts to issue orders with respect to certain lakes which either (a) designate specific areas for restricted use or (b) make rules and regulations relating to the operation and equipment of boats.2/ Section 24(a) of the Act authorizes game wardens to act as enforcement officers for the purposes of the Texas Water Safety Act.3/ Thus, we conclude that game wardens may enforce all Commissioners Court orders properly issued in accordance with Section 19(b).

We have determined, however, that the resolution in question is by nature a rule and regulation which plainly

---

2/ "The Commissioners Court of any county, with respect to public waters within the territorial limits of the county but outside the corporate limits of any incorporated city or town or political subdivision as contained in (c) below, except lakes owned by an incorporated city or town, is hereby authorized by order of the Commissioners Court entered upon its records to designate certain areas to be bathing, fishing, swimming or otherwise restricted areas, and to make such rules and regulations relating to the operation and equipment of boats as it may deem necessary for the public safety, the provisions of which are consistent with the provisions of this Act." / Emphasis Supplied/

3/ "All peace officers and game wardens of this state and its political subdivisions shall have and are hereby given authority as enforcement officers for the purposes of this Act. . ."

does not deal with the operation and equipment of boats.[4]/
The resolution must therefore be considered invalid as an
attempt to regulate subject matter not within the scope
of the legislatively delegated authority.

We recognize, however, the beneficent intent of the
Commissioners Court and the laudable purpose behind its
resolution. Enforcement of such a rule might result in
the preservation of human life. We have therefore given
detailed attention to the possibility that your department
might consider the resolution a de facto designation of
an "otherwise restricted area" within the meaning of the
statute - the rationale being that the resolution desig-
nates the entire lake and five hundred (500) feet beyond
as an "area" in which the possession of rifles and pistols
is proscribed. We have concluded, nevertheless, that
should you so construe the resolution, the courts would
not uphold the resolution as being within the statutory
authority granted by Section 19(b).

First, the resolution does not necessarily constitute
a de facto designation of an "otherwise restricted area".
Application of rudimentary rules of statutory construction
seem to compel the conclusion that the Legislature did not
intend its delegation of authority to encompass restriction
of firearms. A settled rule of statutory construction is
that words used repeatedly in a statute will bear the same
meaning throughout unless a contrary intention appears.
cf. 53 Tex.Jur. 2d 220, Statutes Section 153. Section 18
of the Texas Water Safety Act, entitled "Restricted Areas"
clearly contemplates that "otherwise restricted areas"
means only those areas in which the operation of boats is

---

4/ Webster's Third New International Dictionary
defines a "regulation" as:

". . .an authoritative rule or principle dealing
with details of procedure, especially one intended
to promote safety. . .; a rule or order having the
force of law issued by an executive authority of a
government, usually under power. . .delegated by
legislation."

prohibited or restricted.5/ Under this rule, the term "restricted areas" in Section 19(b) should be given the same construction as Section 18.

Two other pertinent rules, exemplified by the Latin phrases, Ejusdem generis and Noscitur a sociis, would indicate the same result. Ejusdem generis applies if, after an enumeration of particulars, there is a sweeping clause comprising all other things. The doctrine imports that general words following an enumeration of particular or specific things will be confined by construction to things of the same kind. Section 19(b) reads as follows:

> "The Commissioners Court. . .is hereby author-
> ized. . .to designate certain areas to be bath-
> ing, fishing or otherwise restricted areas. . .."
> /Emphasis Supplied/

Ejusdem generis applied here essentially means that the word "otherwise" in Section 19(b) is to be read as "only such like" and includes only others of like kind or character. cf. 53 Tex.Jur. 2d 221, Statutes §155 and cases cited therein. Especially is this rule applicable where statutes penal in nature are to be construed. Ex Parte Muckenfuss, 107 SW 1131 (Tex.Crim., 1908); Ex Parte Roguemore, 131 SW 1101 (Tex.Crim., 1910); Zucarro vs. State, 197 SW 982 (Tex.Crim., 1917). The Noscitur a sociis doctrine reiterates that wherever the extent of the class enumerated is doubtful or uncertain, the meaning of a doubtful word may be ascertained by reference to words associated with it. cf. 53 Tex.Jur. 2d 221, Statutes §154 and cases cited therein. Under either or

---

5/                    Restricted areas

    "Section 18. No person shall operate a boat within a water area which has been clearly marked by buoys or some other distinguishing device as a bathing, fishing, swimming or otherwise restricted area by the Department or by a political subdivision of the State; provided, that this Section shall not apply in case of an emergency, or to patrol or rescue craft."

both doctrines, the conclusion necessarily follows that the Legislature intended "otherwise restricted areas" to pertain to areas in which traditional water activities or sports are restricted.  The possession or shooting of firearms cannot reasonably be considered such an activity.  We therefore hold that the Commissioners Court resolution does not constitute a de facto designation of an "otherwise restricted area."

Secondly, even under the application of a theory of a de facto designation, we note that Section 19(b) requires that Commissioners Court orders be "consistent with the provisions of this [Texas Water Safety] Act". The "declaration of policy" contained in Section I of the Act indicates that the scope of the Act is limited in purpose to the regulation of use, operation and equipment of boats and to the promotion of uniformity of laws relating thereto.6/  Section 29 of the Act entitled "Uniformity" reiterates the limited purpose of the Texas Water Safety Act to the enactment of uniform boating regulations.7/ Any restrictions on firearms is consequently broader than the scope of the Act.

Section 29 (cf. footnote 7) declares that the basic authority for the enactment of boating regulations is reserved to the State of Texas.  The Parks and Wildlife Department is not authorized to regulate the possession and

---

6/ 　　　　　　　Declaration of policy

　　"Section 1.  This Act shall be referred to as the 'Water Safety Act.'  It is the policy of this state to promote safety for persons and property in and connected with the use, operation, and equipment of vessels and to promote uniformity of laws relating thereto." / Emphasis Supplied/

7/  "Sec. 29.  In the interest of uniformity it is hereby declared to be a basic policy of the State of Texas that the basic authority for the enactment of boating regulations is reserved to the State." / Emphasis Supplied/

shooting of firearms either by the Texas Water Safety
Act or by any other state statute. We doubt that the
Courts would conclude the Legislature intended to convey
through Section 19(b) a more expansive authority to the
Commissioners Court than has been granted to the Parks
and Wildlife Department in which the basic regulatory
authority has been entrusted. For the foregoing reasons,
it would appear that the resolution might easily be held
inconsistent with the terms and provisions of the Texas
Water Safety Act.

Finally we must conclude, in any event, that the
resolution of the County Commissioners Court would be
held invalid under any theory, since it purports to re-
gulate not only the waters of Langford Lake but also the
land within five hundred (500) feet therefrom. Section
19(b) clearly restricts the Commissioners Court regula-
tory authority to "public waters within the territorial
limits of the County" (cf. footnote 2, Supra). Unques-
tionably, that portion of the resolution which purports
to regulate possession of firearms on land must be con-
sidered invalid.

Construing the Commissioners Court resolution strict-
ly as we must8/, we can only conclude that the resolution
neither regulates the "operation and equipment of boats",
nor does it designate an "otherwise restricted area" with-
in the meaning of the Texas Water Safety Act. Accordingly,
the resolution is unauthorized by the Texas Water Safety
Act. Seeing no other constitutional or statutory basis for
sustaining the resolution, we must therefore advise that it
would be improper for game wardens to enforce such a regula-
tion.

---

8/ Legislative acts of County Commissioners Court
are restricted since such courts have no inherent
legislative authority whatsoever. Legislative power
of the Commissioners Court is strictly limited to
that expressly conferred or necessarily implied by
the Texas Constitution or State statutes. cf. Ar-
ticle V, Section 18, Constitution of the State of
Texas; Van Rosenburg v. Lovett, 173 SW 508 (Tex.
Civ.App., 1915, err. ref.); Roper v. Hall, 280 SW
289 (Tex.Civ.App., 1925); Childress County v. State,
127 Tex. 343, 92 SW2d 1011 (1936); Canales v. Laughlin,
Supra; Hill v. Sterret, 252 SW2d 766 (Tex.Civ.App.,
1952, err. ref. n.r.e.).

## S U M M A R Y

The resolution enacted by the Red River County Commissioners Court has no sustaining independent constitutional or statutory basis and oversteps the authority granted by Section 19(b) of the Texas Water Safety Act. Accordingly, game wardens are not authorized to enforce the provisions of the resolution.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by Earl S. Hines
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
David Longoria
Ivan Williams
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant